nothing in the will or codicil that indicates an intention to give to his executor an implied power of sale for the purpose of paying these legacies or debts.   To compel the plaintiff to accept this title would not, we think, be justified, as it would, at least, be a doubtful title. The parties to whom the property should be ultimately conveyed have certainly yet no title, as the two years from the death of the testator have not expired; and it is not alleged that the executor has conveyed the property as directed by the will.   As it was quite clear that the executor could not convey any title to the plaintiff, and thus complete his contract of sale, and that the deed of the remainder-men would not convey the legal title, the judgment below cannot be sustained.   It follows that the judgment appealed from must be reversed, with costs, and as there seems to have been no dispute as to the facts and as to the right of the plaintiff to recover in case the defendant could not give a good title, judgment should be entered in favor of the plaintiff for the amount claimed in the complaint, with costs in this court and in the court below.

VAN BRUNT, P. J., and McLAUGHLIN, J., concur.   O'BRIEN, J., dissents.

(59 App. Div. 576.)

BAYLIS et al. v. BULLOCK ELECTRIC MFG. CO.

(Supreme Court, Appellate Division, First Department.   April 4, 1901.)

1. EQUITY—DISCOVERY.
    A bill cannot be filed in equity, under the Code, for a discovery of books and papers.
2. RIGHT TO JURY TRIAL—EFFECT OF PLEADINGS.
    Under Code Civ. Proc. § 968, requiring an issue of fact to be tried by the jury in an action for a money judgment, unless a jury trial is waived or a reference ordered, the fact that the complaint, in an action to recover royalties, contains allegations demanding equitable relief in addition to a money judgment, but alleges no facts authorizing equitable relief, is not sufficient to authorize the court to refuse a jury trial on the request of a defendant who has not waived such right.
3. SAME—WAIVER.
    Where a complaint contains a demand for equitable relief in addition to a money judgment, but no grounds of equitable relief are alleged, the defendant does not waive his right to a jury trial by noticing the cause for trial at the special term, since he is compelled to go into such term and demand a jury trial.

Appeal from special term, New York county.

Action by Robert N. Baylis and another against the Bullock Electric Manufacturing Company to recover royalties.   From a judgment in favor of the plaintiffs (66 N. Y. Supp. 253), the defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

C. V. Edwards, for appellant.
W. H. L. Lee, for respondents.

VAN BRUNT, P. J.   In this case we think the court erred, in view of the position taken by the defendant prior to the production of any

evidence upon the trial, in disposing of the case without the interven-
tion of a jury. The complaint in the action was not one which gave
to the defendant upon its face a right to a jury trial. Section 968 of
the Code provides that an issue of fact must be tried by a jury, unless
a jury trial is waived or a reference is directed, in an action in which
the complaint demands judgment for a sum of money only, or in an
action of ejectment, for dower, for waste, for a nuisance, or to re-
cover a chattel. The complaint in this action demanded relief of
various kinds, besides the recovery of a money judgment, and there-
fore, as already stated, upon its face the defendant was not entitled
to a jury trial.

At the commencement of the trial of the action, and also in its
answer, the defendant called the attention of the court to the fact
that, upon the allegations of the complaint, no equitable relief could
possibly be obtained, and it first moved to dismiss the complaint be-
cause it did not state facts sufficient to constitute a cause of action.
When this was denied, it moved to dismiss on the ground that the
court had not jurisdiction to try the issues or questions raised by the
complaint and answer, if any, and that it was purely an action at
law to recover royalties, and that there was nothing that called for
equitable relief in the action. It also, in that connection, demanded
a jury trial. These motions were denied, and an exception was taken
to the denial of the motion to dismiss, and also to the denial of the
demand for a jury trial.

It is true that the judgment gave relief in the nature of a discov-
ery of books and papers, etc., but there is no such branch of equi-
table jurisprudence under the Code. A bill cannot be filed for the
purpose of the discovery of evidence, and therefore the judgment, so
far as it granted relief in this respect, was entirely erroneous. The
action was simply one to recover royalties, the amount of which was
alleged in the complaint, and which were recovered by the judgment
entered after trial by the court. The plaintiff, not having estab-
lished any right to equitable relief, certainly could not recover a sim-
ple money judgment in the face of the objection of the defendant that,
the only relief which could be obtained in the action being a money
judgment, it was entitled to a jury trial. This right to a jury trial
may be waived in a certain method prescribed by section 1009 of the
Code, which provides that a party may waive his right to the trial of
an issue of fact in any of the following modes: (1) By failing to ap-
pear at the trial; (2) by filing with the clerk a written waiver, signed
by the attorney for the party; (3) by an oral consent in open court,
entered in the minutes; and (4) by moving the trial of the action with-
out a jury, or, if the adverse party so moves it, by failing to claim a
trial by jury before the production of any evidence upon the trial.

In the case at bar the trial appears to have been moved by the plain-
tiff,—at least, there is no evidence that the defendant moved the
trial,—and before the production of any evidence the defendant de-
manded the right to a jury trial, calling the attention of the court to
the fact that no equitable relief whatever could be obtained in the
action. It is true that it made motions to dismiss the complaint, but
its demand for a jury trial was made before the production of any

evidence, and was in time, according to the provisions of section 1009 of the Code. .

It is suggested that it has been intimated that a trial by jury may be waived in other ways than those mentioned in the Code, and it is urged that, because the defendant had noticed the cause for trial at special term, it thereby waived its right to a jury trial. It should be observed that the defendant had no right to put this case upon the trial term calendar, because upon the face of the complaint it was not entitled to a jury trial, as the complaint demanded other relief than a money judgment. The defendant was compelled to go into the special term, and there claim the right to a jury trial upon the ground that, although there was a demand contained in the complaint for equitable relief, none could be granted; and it is a familiar principle that a plaintiff cannot deprive a defendant of the right to a jury trial by demanding equitable relief which cannot be granted in the action.

In support of the proposition that this case was properly triable by the court without a jury, our attention is called to the case of Cogswell v. Railroad Co., 105 N. Y. 319, 11 N. E. 518. But all that was there decided was that in that case the plaintiff could not claim a jury trial. The court say:

"We think it is a reasonable rule, and one in consonance with the authorities, that, where a plaintiff brings an action for both legal and equitable relief in respect to the same cause of action, the case presented is not one of right triable by jury, under the constitution, and that the plaintiff by such election submits to have the issues tried by the court, or by the court with the aid of the jury, as the court, in its discretion, may determine, according to the practice in equity cases."

In that case it was the plaintiff who was insisting upon a jury trial, and the court held that he had waived this right by bringing his action for both legal and equitable relief in respect to the same cause of action. It is certainly a novel proposition that a plaintiff can claim equitable relief which, even upon the face of the pleading, he is not entitled to, and thereby deprive a defendant of a jury trial upon the only cause of action set out in the complaint. The citation of any authority to show that such a position is untenable seems scarcely necessary; but as in these days no proposition, however plain, seems to be established without the citation of some adjudication upon the subject, it may be proper to cite an authority somewhat in point. In the case of Wheelock v. Lee, 74 N. Y. 495, it was held that the joinder of an equitable cause of action with others purely legal did not deprive the defendant of the right of trial by jury; and that when such an action is brought to trial at special term, and the defendant demands a jury trial, if any of the grounds upon which a recovery is sought are such as were, at the time of the adoption of the constitution, redressed by an action at law, the court should direct the cause to be tried by the jury at the circuit, or, at least, should refuse to try without a jury. And, as meeting the objection that the defendant had waived the right to demand a jury trial by noticing the case for trial at special term, the case cited further holds that the defendant does not waive his

right to a trial by jury in such case by consenting that the case be placed on the calendar for trial at the special term and noticing it for trial there.

Our attention is also called to the case of Marshall v. De Cordova, 26 App. Div. 615, 50 N. Y. Supp. 294. The writer of this opinion, who also wrote the opinion in the case cited, certainly used language which is not borne out by the provisions of the Code, and probably it arose from the fact that the decision of the case did not turn upon the particular question now under consideration. It is there stated that the rule was that before the commencement of the trial, if a party desires to avail himself of the right to a trial by jury, he must make his demand, and not in any manner proceed with the trial. The language of the Code is different. It provides that the demand for a jury trial is in time if made before the production of any evidence upon the trial. This is the rule which must necessarily govern, and the strict limitation laid down in the case cited was unwarranted.

The judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

O'BRIEN and McLAUGHLIN, JJ., concur. INGRAHAM, J., concurs in result.