WILLIAM H. MILLER, Respondent, v. BROOKLYN HEIGHTS RAILROAD COMPANY, Appellant.— Judgment of the County Court of Kings county reversed, and new trial ordered, costs to abide the event, unless within twenty days plaintiff stipulate to reduce the verdict to the sum of $500, in which event the judgment as so modified is unanimously affirmed, without costs. Present — Jenks, P. J., Mills, Rich, Blackmar and Kelly, JJ.

EDWARD MOE, Respondent, v. THE RELIANCE INSURANCE COMPANY OF PHILADELPHIA, Appellant.— Judgment and order reversed and new trial granted, costs to abide the event. The complaint contains two causes of action, one alleging facts appropriate for equitable relief, and the other setting forth facts appropriate to an action at law. Demand is made for both equitable and legal relief. Plaintiff had the right to set forth these two causes of action in the same complaint as they arose out of the same transaction. (Code Civ. Proc. § 484.) By bringing such an action, however, plaintiff waived his right to a jury trial. (*Cogswell* v. *N. Y., N. H. & H. R. R. Co.*, 105 N. Y. 319; *Carroll* v. *Bullock*, 207 id. 567, 574; *Di Menna* v. *Cooper & Evans Co.*, 220 id. 391.) By noticing the case for trial at a Trial Term, defendant did not waive its right to a trial by the court. (*Watson* v. *Manhattan Ry. Co.*, 53 N. Y. Super. Ct. 137; *Baylis* v. *Bullock Electric Mfg. Co.*, 59 App. Div. 576.) Defendant could not by an erroneous notice of trial change an equitable cause of action and make it triable by jury. An equitable cause of action is triable by the court, and it may be tried at either Trial or Special Term. (*Carroll* v. *Bullock, supra;* Code Civ. Proc. § 976.) The cause is, therefore, remitted to the Special Term for retrial. Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ., concurred.

JOHN W. MYERS, Respondent, v. THE BOSTON AND MAINE RAILROAD, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH M. BADAMO, Appellant.— The court is not prepared to agree with the trial judge in his definition of culpable negligence. But inasmuch as the charge was made without exception, and without request to charge otherwise, and the point was not raised in the brief, and the facts in the case warrant the finding of culpable negligence, we agree to affirm. Judgment of conviction affirmed. Jenks, P. J., Rich, Blackmar, Kelly and Jaycox, JJ., concurred.