ELVINA WESTERGREN, Appellant, *v.* ANNIE K. EVERETT and Another, Respondents.

First Department, November 5, 1926.

Ejectment — action by adjoining landowner who was excavating for building foundation to restrain defendant from interfering with workmen — complaint alleges ownership of land and encroachment by defendant — answer alleges ownership of part of land adversely — complaint contains statement of cause of action in ejectment — error to dismiss case on ground that it was brought in equity — only one form of civil action under Civil Practice Act, § 8 — court should have sent case to law side for trial by jury.

In an action brought by the plaintiff to restrain the defendants who owned adjoining property from interfering with plaintiff's workmen who are engaged in excavating for the foundation of a building, in which the complaint alleged that the plaintiff owned the land in question and that the defendant had encroached thereon, and in which the defendants interposed the defense that they owned a part of the land by adverse possession, it was error for the court to dismiss the complaint on the ground that until the plaintiff's title had been established at law, an action for an injunction would not lie and that the only remedy is an action in ejectment with right to trial by jury.

While the plaintiff seeks an injunction and while she noticed the case for trial at Special Term, the complaint contains all the necessary allegations of an action in ejectment and in view of the fact that under section 8 of the Civil Practice Act there is only one form of civil action, the case should have been sent to the law side of the court so that the defendants could have a trial by jury to which they were entitled.

APPEAL by the plaintiff, Elvina Westergren, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Bronx on the 23d day of November, 1925, dismissing the plaintiff's complaint on the opening of the trial, with notice of intention to bring up for review an order made at the Bronx Special Term and entered in said clerk's office on the 19th day of November, 1925, dismissing the complaint.

*William F. Clare* of counsel [*Frederick A. Gill* with him on the brief], for the appellant.

*Cornelius J. Buckley,* for the respondents.

BURR, J.   The complaint shows and alleges that the plaintiff and the defendant Annie K. Everett are owners of adjoining parcels of land on the north side of One Hundred and Forty-fourth street, between Park and Morris avenues, borough of The Bronx, city of New York, the easterly line of the plaintiff's property and the westerly line of the property of the defendant Annie K. Everett being coincident.   The plaintiff acquired her title on January 3, 1918.   The defendant Annie K. Everett acquired title on March 6, 1900, by deed from her mother.

In or about March, 1924, the plaintiff started to improve her premises by the erection of a two-story brick factory or loft building, the foundation of which was to go twelve feet below the curb level.   A contract for said work was made, and the contractor entered upon the premises of the plaintiff for the purpose of performing the contract.   The contractor began to excavate the premises owned by the plaintiff on the easterly side thereof immediately adjoining the premises of the defendant, as preliminary to the erection of the said building.

While thus engaged and while working entirely upon the premises owned by the plaintiff, the defendants ordered the workmen of the contractor to desist from said work of excavation and threatened bodily harm and injury to the workmen unless they immediately desisted from such work.   While making said threats, the defendants carried jagged stones which they threatened to throw upon the workmen of the contractor, thereby causing the workmen to leave the work; and such threats have continued and are continuing.   As a result of such threats the workmen employed by the contractor refuse to continue said work, fearing bodily harm. Solely by reason of the threats of the defendants, the plaintiff has been prevented from improving her said premises under her said contract and from complying with certain orders of the bureau of buildings.

The bureau of buildings of the borough of The Bronx, city of New York, on the 7th day of April, 1924, placed a violation upon said premises, specifying that the banks of the excavation were not sheet-piled, braced or shored where necessary to prevent the earth from caving in, and certain penalties were incurred by reason of said violation and certain additional penalties would be incurred, because of which legal proceedings are threatened against plaintiff.

The plaintiff, through the contractors employed by her, attempted to do the work called for by the notice of violation. They were not able to comply therewith solely by reason of the acts of the defendants, who have prevented the plaintiff and her

contractors and their workmen from performing the work necessary to comply with said notice. The plaintiff and her workmen were willing and anxious to comply with said notice of violation.

Additional violations were placed against said property on April 28, 1924, and the plaintiff was at all times anxious and willing to comply with the notice thereof, but was unable to do so solely by reason of the threats and acts of the defendants, and the present condition of said premises is dangerous to life, limb and property.

The complaint further alleges that the plaintiff has no adequate remedy at law, and by reason of the acts of the defendants suffered, suffers and will suffer continuous damage.

The relief demanded by the plaintiff is judgment restraining the defendants from interfering with the plaintiff in the operation of excavating and building upon the premises owned by the plaintiff; that the defendants be restrained from continuing to occupy in any manner any of the land owned by the plaintiff; that they be restrained from interfering with the plaintiff in removing from her land any structure on the land of the plaintiff which is not owned by the plaintiff; that during the pendency of the action the defendants, their agents and all persons associated with them, be enjoined and restrained from doing any of the acts aforesaid; that the damages suffered and to be suffered by the plaintiff be determined, and that the plaintiff have judgment therefor.

The defendants by their answer deny many of the allegations of the amended complaint and plead an affirmative defense, by which they set forth the deed by which the grantor of defendant Annie K. Everett acquired title on January 25, 1889, and a claim that the westerly boundary line of the premises so conveyed was and has been for a period of thirty-five years monumented by a fence, and that the line, as so monumented, began at a point on the northerly side of East One Hundred and Forty-fourth street, 342.07 feet westerly from the corner of Morris avenue, running northerly at right angles; that their possession of the land so monumented has been open, adverse and notorious; that this " practical location  *  *  *  was acquiesced in by the adjacent owners up to March, 1924;" that the strip of land alleged to be in dispute forms the westerly part of a driveway on the defendants' premises, and has been used as a means of entry and exit of vehicles stored in a building on the rear for a period of thirty-five years.

The answer further alleges wrongful and malicious excavation by the plaintiff of land adjacent to the defendant Annie K. Everett's land, undermining the same and taking away soil therefrom without leaving proper support, and causing the roadway to sink;

that the defendant was necessarily compelled to forcibly eject the said agent of the plaintiff to prevent an unlawful and forcible seizure of the strip of land in dispute.

The cause came on for trial at a Special Term, held in and for the county of Bronx, on the 10th day of November, 1925. Before any testimony was taken argument was had upon a motion to dismiss the complaint. Upon the argument it appeared without denial that the defendants served a notice of trial and also moved at Special Term for a preference on the calendar of the Special Term.

The motion to dismiss the complaint was made upon the ground that until the plaintiff's title had been established at law, an action for injunction does not lie, and that the only remedy is an action in ejectment with right to trial by jury.

Defendants' attorney, in moving for a dismissal, said: " At the time of the beginning of the action, the defendants were in possession, actual physical possession of the strip of land in dispute under a claim of title. There were buildings erected thereon. A court in equity will only act in such cases after the plaintiff's right has been established at law and not by mandatory injunction in the first instance. We went in to possession under title, to the disputed strip; we are at present in possession, and an injunction does not lie. It is only by an action in ejectment, an action at law, in ejectment, and we have a right to a trial by jury. The Court: I understand your point. Plaintiff's Attorney: May it please the court, May I first make inquiry as to what I am to direct my attention to? Is my friend objecting that he wants a trial by jury? The Court: Apparently he is, and saying that this case should not be tried this way, and that I should dismiss your complaint. Is that your idea? Defendants' Attorney: That is my idea."

The court refused to take the evidence proffered by plaintiff and held that a question of title being clearly involved, the case could not be tried in equity. Plaintiff's counsel then requested that the case be sent to a jury for trial. The court held that the case must stand or fall as one in equity, and dismissed the complaint. From the judgment thereon, this appeal is taken.

An objection that a plaintiff's remedy should be sought in a court of law and not in a court of equity will not warrant the dismissal of a complaint in view of section 8 of the Civil Practice Act which provides: " There is only one form of civil action. The distinction between actions at law and suits in equity, and the forms of those actions and suits, have been abolished."

The complaint although framed as one in equity contains all the essentials of an action at law of ejectment.

The complaint alleges ownership by the plaintiff of the premises therein described; it further alleges ownership by the defendant Annie K. Everett of the lot adjoining the plaintiff's on the east, describing it by metes and bounds, and alleges that the easterly line of the plaintiff's land coincides with the westerly line of the land of the defendant Annie K. Everett; that the defendants have placed certain encroachments upon the plaintiff's land, giving the extent of such encroachments which consisted of a concrete or cement stable encroaching on the plaintiff's land.

In *City of Syracuse* v. *Hogan* (234 N. Y. 457) a complaint also framed for equitable relief by injunction and containing practically similar allegations with respect to ownership by the plaintiff and wrongful possession by the defendant was held good as a complaint in ejectment. The court there held further that because the action was in ejectment it should be stricken from the Special Term calendar.

In that case the court said, through McLAUGHLIN, J.: " An analysis of the complaint and answer indicates as it seems to me, as clearly as words can, that the main issue to be tried is the title to the twenty-nine-foot strip. The plaintiff alleges it has title and its right to immediate possession. Appellant denies that plaintiff has title and alleges he has the title and that he is rightfully in possession. The fact that plaintiff has, as an incident to the main question to be determined, asked for equitable relief, does not change the form of the action. The court looks to substance and not to form. It determines from the allegations of the complaint and answer the issue to be tried. The form of the action, however it may be disguised by words, allegations or the prayer for judgment, will not be permitted to mislead the court or divert its attention from the main issue to be determined. The prayer for judgment is not decisive and does not control the nature of the action. (*Wright* v. *Wright,* 54 N. Y. 437; *Williams* v. *Slote,* 70 N. Y. 601; *Wetmore* v. *Porter,* 92 N. Y. 76; *Leary* v. *Geller,* 224 N. Y. 56.) * * *

" It is contended that the real issue between the parties is the true location of the boundary line between adjoining owners, that is, between South Salina street and appellant's lot. But assuming this to be so, it does not deprive the defendant of a jury trial. This court stated in *Leprell* v. *Kleinschmidt* (112 N. Y. 364) that it was not aware of any rule by which a dispute as to the true location of a boundary line between adjoining owners did not involve a question of title to real estate or constitute an exception to the characteristics of an action of ejectment or the remedies which that action affords.

" It is suggested that the plaintiff cannot recover in this action all the relief to which it is entitled if it be held that it is in ejectment. I do not think this follows. The statute provides that: ' In an action to recover real property, or the possession thereof, the plaintiff may demand in his complaint, and in a proper case recover, damages for withholding the property.' (Code of Civil Procedure, secs. 1496, 1497; Civil Practice Act, sec. 990.) If there be involved in such action the expense of abating a nuisance or the removal of incumbrances, then the expenses of such abatement or removal, if proper allegations be inserted in the complaint, may be recovered (Code of Civil Procedure, secs. 1660-1662; Real Property Law [Cons. Laws, ch. 50], sec. 529*) and the judgment may be enforced by execution. (Code of Civil Procedure, sec. 1240; Civil Practice Act, sec. 504.) If it cannot be enforced by execution, then the defendant may be punished for contempt in refusing to comply with the judgment. (Code of Civil Procedure, sec. 1241; Civil Practice Act, sec. 505.)

" The Supreme Court has general jurisdiction in law and in equity and now there is only one form of a civil action. The distinction between actions at law and suits in equity and the forms of those actions has been abolished. (Code of Civil Procedure, sec. 3339; Civil Practice Act, sec. 8.) The court has jurisdiction in an action of ejectment to award the plaintiff all the relief to which it is entitled. It can settle the title to the piece of land in dispute and if a conclusion be reached that the plaintiff is the owner and entitled to possession, it can, as incidental to such judgment, award such damages against defendant as will compensate the plaintiff for being kept out of possession, as well as for the expenses in removing encroachments upon such property and restoring it to such condition as it would have been if defendant had not wrongfully taken possession thereof."

It thus appears that although an action is brought to obtain a mandatory injunction for the removal of encroachments, and the determination of the case involves a question of title, the action may properly be sent to the law side of the court as an action of ejectment to be tried by a jury.

In *Everett* v. *DeFontaine* (78 App. Div. 219) the action was in equity for an accounting. The trial court was of the opinion that the complaint failed to show that the plaintiff was entitled to equitable relief, but that it stated a cause of action at law and should not be dismissed merely because the proper relief was not

---

* Added by Laws of 1920, chap. 930.— [REP.

12

demanded, and suggested that the issues could be sent to the Trial Term.

Thereupon, on motion of defendant's counsel, attorneys for the plaintiff objecting, the court ordered that the clerk of the Trial Term place the case on the Trial Term calendar in its regular order. From this order the plaintiff appealed, contending that he was entitled to proceed with the trial of the action as a suit in equity under the penalty of having his complaint dismissed, if he failed to establish a case for equitable relief; and that the order transferring the issues to the jury calendar was erroneous and should be reversed.

The court, by LAUGHLIN, J., said (at p. 220): " The rule seems now to be well settled that where an action is placed on the Special Term calendar and brought to trial as a suit in equity and the plaintiff fails to establish a right to equitable relief, his complaint should not be dismissed if upon the facts alleged or duly proven he would be entitled to legal relief; and that in such case, even though the plaintiff makes no demand therefor, the issues must be sent to the jury calendar for trial. (*Thomas* v. *Schumacher*, 17 App. Div. 441; affd. on opinion of Appellate Division, 163 N. Y. 554; *Baylis* v. *Bullock Electric Mfg. Co.*, 59 App. Div. 576; *McNulty* v. *Mt. Morris Electric Light Co.*, 172 N. Y. 410.)"

In *Thomas* v. *Schumacher* (17 App. Div. 441) the action was placed on the Special Term calendar and brought for trial as a suit in equity. At the close of the evidence the court made a decision dismissing the complaint. It appeared that on the facts alleged and proved, the plaintiff had established a cause of action at law. Judgment was reversed upon the ground that the court upon reaching the conclusion that it was an action at law and not in equity, should have refused equitable relief and sent the issues to be tried at Trial Term before a jury.

That decision was affirmed on the opinion of the Appellate Division by the Court of Appeals in 163 New York, 554. The opinion was by INGRAHAM, J., and he said (at p. 448): " If they brought the action to trial as an equity case, when upon the facts alleged the plaintiffs were only entitled to a common-law judgment, and the defendants insisted that the actions should be tried before a jury, then, upon a demand that the case be sent to a jury for trial, the court would be bound to so direct; or, if at the end of all the testimony the court should be of the opinion that it was an action at law and not in equity, the court could then refuse the equitable relief and send the action to be tried at the Trial Term before a jury. There was no reason, however, why the plaintiffs should be turned out of court, under our system of practice, because, though

they alleged facts which entitled them to relief, they asked for the wrong relief, or brought the case on for trial at the wrong term of the court."

It follows, therefore, that the dismissal of the complaint herein was error. The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event.