THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM W. OWENS, Respondent, v. GEORGE N. SCHMIEDEL, Assessor of the Town of Eastchester, County of Westchester and State of New York, and Others, Appellants.— Appeal in a proceeding to review the assessment of relator's property made by the town of Eastchester for the 1941 tax period. Judgment modified on the facts by striking out the figure " $16,000 " from the second ordering paragraph, and the figures " $2,000," " $14,000," and " $16,000 " from the third ordering paragraph, and by substituting in the respective place thereof the figures " $18,500," " $3,500," " $15,000," and " $18,500." As thus modified, the judgment is unanimously affirmed, without costs. The evidence indicates a rather active market for real property in the village, and hence the sales prices are entitled to great weight. It appears, however, that the sale price of respondent's property, which is the amount to which Special Term has reduced the assessed valuation, was below market. That price is lower than the figures of value given by any witness, including respondent's witnesses. It was a sale by a bank, which received all cash, and the revenue stamps affixed to the deed of conveyance indicate a consideration greater than $16,000. The valuation of $18,500 is more nearly in line with the valuation fixed by the expert witnesses and is sustained by analysis of sales of like property in the vicinity, mentioned at the trial. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.

KARL A. RAFKIND, Respondent, v. MORRIS ISAACS, Appellant.— Action to recover damages for personal injuries sustained as a result of the alleged negligence of the defendant in the operation of his motor vehicle. Order granting reargument and on reargument adhering to the original decision which denied defendant's motion for leave to serve and file a notice of trial by jury nunc pro tunc, on the ground that it was omitted because of an excusable inadvertence, in so far as appealed from, reversed on the facts, without costs, and the motion granted, without costs. It appears that the note of issue served on defendant's attorney was lost and that there was a failure to make a jury demand partly because of the inability of said attorney to obtain experienced assistance in his office in place of help lost to military service. It further appears that there is no evidence of an intent to waive a jury trial, and that defendant's attorney acted promptly to correct the omission. Under all the facts and circumstances the relief should have been granted as an exercise of discretion. Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur.