R. J. MARSHALL, INC., Plaintiff, *v.* TURNER CONSTRUCTION COMPANY, Defendant.

Supreme Court, Special Term, Dutchess County, December 30, 1954.

*Francis X. Conway* for defendant.

*John B. Gilleran* for plaintiff.

EAGER, J.   This is a motion by defendant to strike this action from the jury calendar and to place it upon the nonjury calendar for trial.   The defendant claims that the plaintiff has waived its right to a jury trial.

The original complaint in this action, which was served on October 11, 1954, contained five causes of action.   The first four were in the category of causes of action at law, including causes to recover moneys alleged to be due under a building and construction contract, to recover for extra work and materials, and to recover damages for breach of the contract, and the fifth cause of action was one for reformation of the particular contract and to recover for work which would be extra work beyond the scope of the contract as reformed.   The defendant served an answer on October 29, 1954, and served an amended answer on November 6, 1954.   Plaintiff, on November 15, 1954, served a note of issue for the December, 1954, Trial Term of this court, stating that there was an " issue of law and fact to be tried by court and jury ".   On November 19, 1954, notice of this motion was served to strike the cause from the jury calendar, but on November 23, 1954, the plaintiff served an amended complaint as of course.   By such amended complaint, the fifth cause of action was omitted and certain changes made in the allegations with respect to the fourth cause of action.   As the complaint now stands, it contains four causes of action which are strictly at law to recover damages for breach of contract.

It is well settled, of course, that the constitutional right of jury trial in civil cases may be waived.   (*Baird* v. *Mayor of City of N. Y.,* 74 N. Y. 382.)   The waiver may be accomplished in any of the " modes " prescribed by section 426 of the Civil Practice Act.   (See N. Y. Const., art. I, § 2.)   These methods for bringing about a waiver are not, however, exclusive, and a party may waive his right to a jury trial under the general principles of law applicable to the subject, although the case is not provided for by any statute.   (*Baird* v. *Mayor of City of N. Y., supra.*)   There is no statutory provision applying to the situation here, so the question is whether or not, under the general principles

applicable to the subject, there has been a waiver by the plaintiff of his right to a jury trial upon the causes of action set forth in his amended complaint. If so, the motion should be granted. Otherwise, it is to be denied.

It is general doctrine that " A waiver is an intentional abandonment or relinquishment of a known right or advantage which, but for such waiver, the party would have enjoyed ". (*Alsens Amer. Portland Cement Works* v. *Degnon Contr. Co.*, 222 N. Y. 34, 37.) Thus, generally speaking, waiver is a matter of intention. It is held, therefore, that affirmative acts or a course of inaction clearly indicative of an intent to give up the right to a trial by jury will constitute a waiver of the right to such trial. Thus, the failure to seasonably demand such trial may constitute a waiver of the right thereto. The consenting to or proceeding without objection to trial before a referee or before a court without a jury results in such a waiver. (See *Baird* v. *Mayor of City of N. Y., supra*; *Abbott* v. *Easton,* 195 N. Y. 372, 376; *Laventhall* v. *Fireman's Ins. Co.,* 266 App. Div. 756, and *Alfred Univ.* v. *Frace,* 193 App. Div. 279.) And the joinder by a plaintiff in a complaint in an action in the Supreme Court of a cause of action for equitable relief with a cause or causes of action at law for damages is generally held to effect a waiver by plaintiff of his right to a trial by jury of the legal cause or causes. (See *DiMenna* v. *Cooper & Evans Co.,* 220 N. Y. 391, 395–396; *Cogswell* v. *New York, New Haven & Hartford R. R. Co.,* 105 N. Y. 319; *Vincent* v. *Cooperman,* 283 App. Div. 812; *Moe* v. *Reliance Ins. Co. of Philadelphia,* 188 App. Div. 977, and *Auerbach* v. *Chase Nat. Bank,* 251 App. Div. 543.) Such holding, however, is consistent with general doctrine applying to the subject of waiver in that the joinder by plaintiff of legal with equitable causes in a single action gives indication that it is agreeable with him that all the controversies may be disposed of by a court without a jury as being the proper and competent tribunal having power to dispose of the same on a single trial.

In accordance with the applicable general doctrine, decisions are to be found where it has been expressly held that a party was not to be deprived of a jury trial by his inadvertent acts where it appeared that there was, in fact, no intention on his part to waive such trial. (See, for instance, *Morabito* v. *Solomon,* 278 App. Div. 657; *Rafkind* v. *Issacs,* 264 App. Div. 742; *Schwartz* v. *Sunlight Apts.,* 274 App. Div. 901.) Under the circumstances here, the proceedings of the plaintiff indicate an intention to retain its right to a jury trial with respect to the causes now presented for litigation rather than to waive such

trial. In filing a note of issue, plaintiff demanded such trial. And, *as a matter of right,* it has now served an amended complaint presenting strictly legal causes triable by jury. By virtue of the amendment of the complaint, the former complaint containing a cause of action for equitable relief is superseded. This " previous pleading is dead and the case stands as if the pleading had never been served." (*Westinghouse Elec. Corp.* v. *Lyons,* 281 App. Div. 820.) The issues arising under such pleading are not before the court. The causes to be tried are those which are presented by the amended complaint, and they are all causes upon which plaintiff is entitled to a jury trial. Clearly, this is not the case where the plaintiff's conduct establishes " an intentional abandonment or relinquishment " of its right to such a trial with respect to the causes now pleaded. (*Alsens Amer. Portland Cement Works* v. *Degnon Contr. Co.,* 220 N. Y. 34, 37, *supra.*) Furthermore, it is to be noted that the defendant has not in any way been misled to its prejudice by plaintiff's conduct in the premises.

It is true that this action is one which could be more expeditiously tried by the court without a jury. But that is not the point. The plaintiff insists upon its right to a jury trial and it is well to bear in mind that our highest State court has said that the " Courts are jealous in protecting this great right instead of seeking opportunities for depriving litigants of it." (*McNulty* v. *Mount Morris Elec. Light Co.,* 172 N. Y. 410, 412.) This court is of the opinion, therefore, that the plaintiff may not be deprived of a jury trial under the circumstances here presented.

Motion denied. Submit order on notice.