Max Hanfling et al., Plaintiffs, v. Silver Refrigeration Manufacturing Corporation, Defendant.

Municipal Court of the City of New York, Borough of Brooklyn, January 20, 1955.

*Louis Rubin* for plaintiffs.

*Irving L. Weishar* for defendant.

Herzka, J. Plaintiffs served defendant with summons and complaint on November 29, 1954, and on the same day defendant appeared by counsel and mailed its answer and simultaneously therewith a demand for trial by jury. The answer was duly filed with the clerk of the court. At the same time the jury demand was filed and the proper fee paid. Thereafter, plaintiffs noticed the case for trial and the clerk of this court placed the cause upon the jury calendar.

Plaintiffs move to strike the case from the jury calendar, contending that defendant should have served a jury demand *within the three-day period* following the service of the notice of trial, and that the clerk lacked authority to place the case upon the jury calendar, since the jury demand was not timely made nor filed.

Formerly section 118 of the New York City Municipal Court Code provided: "1. Either party at the time of pleading or *within three days* after joinder of issue may demand a trial by jury. The demand may be made in writing and filed with the clerk, or orally and endorsed upon the summons." (Emphasis supplied.)

By amendment effective September 1, 1954, the section was changed to read: "Either party after joinder of issue may demand a trial by jury. The demand must be made in writing and filed with the clerk within three days after the service of the notice of trial". Plaintiffs raise two contentions:

1. That the demand must now be made *after* joinder of issue to comply with the text of the statute and may not be made *simultaneously* with the service and filing of the answer.

The right to a jury trial is one that must at all times be zealously guarded. Niceties of logic, which tend to whittle away at this privilege, will be carefully scrutinized in order to limit the restriction of a litigant's right to a jury trial.

2. That the demand and filing of the demand must now be made only *within* the three-day period after service of the notice of trial — not before the notice of trial or more than three days after the service thereof.

The court refuses to accept this restricted construction of the statute. The statute, being a restraint of a constitutionally guaranteed right, must be strictly construed against restraint. Should plaintiffs' contention be accepted, not only would the amendment merely transpose the prescribed three-day demand and filing period from one stage of the pleading to another — from joinder of issue to notice of trial — but would considerably restrict the time limitation allowed by the statute prior to its amendment — "*at the time of pleading* or within three days after joinder of issue". (Emphasis supplied.)

The amendment does specify one restriction — "must" for the previously expressed, "may" but that restriction is to the form of the demand — "in writing." It does not apply to the time of the demand. The court believes it was the intention of the Legislature to increase the time within which a party could

demand a jury trial — not to permit a waiver of a jury trial by entrapment for failure to file a demand within the limited three-day period. It is the court's interpretation that the Legislature by the language used intended that a demand for a trial by jury could be served and filed not more than three days after the service of the notice of trial, but any time prior thereto after the joinder of issue. Historically the courts have been inclined to construe procedural legislation affecting waivers of jury trial strictly against such waivers and even to excuse a failure to demand a jury trial within the prescribed time.

Section 426 of the Civil Practice Act, bearing upon the same subject matter, was amended (subd. 5) to specifically permit the court to exercise its discretion to allow a delayed demand and filing beyond the prescribed statutory time. However, even prior thereto the trend of judicial authority was fairly well established construing the court's right to exercise that discretion without the amendment. (*Rafkind* v. *Isaacs,* 264 App. Div. 742.)

In the absence of such amendment, the Municipal Court uniformly exercised similar discretion prior to the present amendment. (*Community State Corp.* v. *Wishnetzky Co.,* 142 Misc. 733.) The court finds no occasion by reason of the present amendment (N. Y. City Mun. Ct. Code, § 118; L. 1915, ch. 279 as amd.) to reverse the trend of authority. To the contrary, the court does find support in the amendment to liberalize the scope expressed by the statute for a party's right to recourse to a trial by jury. It deems that the amendment intends to extend the time to exercise that right from the joinder of issue up to and including the third day after the service of the notice of trial.

Accordingly, the motion is denied.