■ JAMES MUELLER, Appellant, v. ABINGTON WAREHOUSES, INC., et al., Respondents.— In an action to recover damages for personal injury resulting from a fall down a building elevator shaft, the plaintiff appeals from a judgment of the Supreme Court, Queens County, entered March 16, 1962 after a jury trial, which dismissed his complaint on the merits at the close of the entire case. Judgment reversed on the law, and a new trial granted, with costs to plaintiff to abide the event. In our opinion, the proof raised questions of fact for the jury as to plaintiff's contributory negligence and as to the negligence of both defendants (*Christensen* v. *Hannon,* 230 N. Y. 205; *Richling* v. *Rockwood & Co.,* 296 N. Y. 858; *Newey* v. *Kinwood Realty Corp.,* 277 App. Div. 682; *Krimsky* v. *A. & L. Furniture Co.,* 8 A D 2d 625; *Zerner* v. *Cohen,* 275 App. Div. 702). The credibility of the witness Mirault (defendant Charitas' truck driver), whose testimony was to the effect that he did not know about the open space in the rear of the elevator, was for the jury, not for the court to decide, even in the absence of conflicting testimony by the same witness (see *Volkmar* v. *Manhattan Ry. Co.,* 134 N. Y. 418, 422; *Gaffney* v. *New York Consolidated R. R. Co.,* 220 N. Y. 34, 37). Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.