Oskar Edwin STURZINGER, Plaintiff,

v.

COMMISSIONER OF PATENTS, Defendant.

Civ. A. No. 1192–73.

United States District Court, District of Columbia.

March 12, 1974.

Albert M. Zalkind, Zalkind, Horne & Shuster, Arlington, Va., for plaintiff; Robert C. Faber, Ostrolenk, Faber, Gerb & Soffen, New York City, of counsel.

Joseph F. Nakamura, Solicitor, U. S. Patent Office, for defendant.

## Memorandum

McGUIRE, District Judge.

This is an action brought under the provisions of 5 U.S.C. §§ 701 and 702 seeking review of a decision by the Commissioner of Patents refusing plaintiff a filing date of April 13, 1971 for his application Serial No. 133,697 for United States Letters Patent. The extraordinary set of circumstances giving rise to this action are not contested, and in brief are as follows:

On March 5, 1971 plaintiff executed in his own handwriting an application for a United States patent. He appointed therein a firm of New York City lawyers as his attorneys or agents. (De-

fendant's Exhibit 1, p. 15) On March 23, 1971 this complete patent application, together with a check for payment of the statutory filing fee, a self-addressed return post card, and a letter of transmittal were mailed by counsel to the Patent Office through the United States mails. They never reached their destination.[1]

After repeated efforts by counsel to ascertain the status of the original application, a "proposed application" consisting of a duplicate of the original, together with a photocopy of the actual Declaration executed by plaintiff on March 5, 1971, and a Declaration under Rule 47(b) executed by counsel, was deposited in the United States Patent Office on April 13, 1971. On July 12 of that year, a Declaration, Power of Attorney and Petition actually executed in plaintiff's own handwriting on June 14, 1971 was filed in the Patent Office. In this Declaration plaintiff again appointed counsel as his attorneys and agents and reaffirmed his earlier appointment of them. He then ratified all steps taken by them in connection with the filing of the "proposed application." The Patent Office thereupon assigned plaintiff a filing date of July 12, 1971; he seeks the earlier date of April 13, 1971.

On February 3, 1972 the Patent Office refused to assign the "proposed application" a filing date of April 13, 1971 on the ground inter alia that the ostensible applicant (counsel) had not demonstrated a sufficient proprietary interest in the subject matter thereof as required by 35 U.S.C. § 118 and 37 C.F.R. 1.47(b). A request for reconsideration filed March 10, 1972 was denied. A petition seeking reversal of this decision was denied on November 28, 1972. This action followed.

The matter is before the Court on defendant's motion and plaintiff's cross-motion for summary judgment. At the outset it should be emphasized that de-

[1.] It appears that mail of the law firm, posted March 23, 1971, including plaintiff's application, was stolen while in the custody of the United States Postal Service. Plaintiff's Exhibit 1; or Defendant's Exhibit 1, p. 21.

spite lengthy argument by both parties, the Court in its decision intimates no opinion whatsoever as to the scope or effect of 35 U.S.C. §§ 26 or 118, or their possible application to the situation here. The Court, confronted as it is by a unique and indeed bizarre factual situation, bases its opinion strictly and solely on more equitable grounds.

During argument, defendant's counsel, with commendable candor, admitted that *had* the application mailed on March 23, 1971 *been received* in the usual course of the mail by the Patent Office, it would have been acceptable. Thus, but for the wholly unanticipated and unexpected theft or loss no controversy would exist.

Unfortunately, theft or loss of the documents from the mails did occur. Plaintiff's counsel, thus acting as best he could to protect the rights of his client, submitted to the Patent Office the authenticated "proposed application" which was the highest degree of secondary documentation he could adduce and produce at the time. The Court concludes and holds that effort sufficient to warrant that the date of the filing of the "proposed application" should be the date of the filing of the actual, original application itself.

This holding has a close analogy to the judicial concept of *nunc pro tunc*, particularly as that is applied to late filings of pleadings and other documents.[2] Thus it is clear that the justifiably unexpected theft or loss of the original documents from the mails should not be permitted to prejudice the rights of a plaintiff not himself culpable. Indeed, the inability of the Patent Office to provide prompt and accurate information as to its receipt or non-receipt of the original application seriously impeded plaintiff's discovery and timely reaction to the loss.

It is equally clear that plaintiff's action in the circumstances manifests an

intent to file on or before April 27, 1971 and that others, if there be such, will suffer no prejudice by the award of the April 13, 1971 filing date; that this date, in the light of the provisions of 35 U.S.C. § 119, is critical;[3] and that the plaintiff made every effort to comply by every means within his power. Thus, the Court is led to the inescapable conclusion that he ought to be entitled to have his application assigned *nunc pro tunc* the critical date of April 13, 1971.

The Court holds, therefore, that under the facts and circumstances, the prayed for relief should have been granted as an exercise of administrative discretion. The motion, therefore, of the defendant for summary judgment is denied, and that of the plaintiff is granted.

Order accordingly.

---

2. *Cf.* Rafkind v. Isaacs, 264 App.Div. 742, 34 N.Y.S.2d 425 (1942).

3. An application for a patent for the same invention was filed by plaintiff in Switzerland on April 27, 1970. To enjoy the benefits of this earlier foreign filing date conferred by § 119, plaintiff's application must be deemed to have been filed within twelve (12) months from the date on which the foreign application was filed.