**Richard F. HONIGSBAUM, Plaintiff,**

v.

**Bruce A. LEHMAN, Defendant.**

**Civ. A. No. 94–1802 (JR).**

United States District Court, District of Columbia.

Oct. 13, 1995.

Martin B. Pavane, Carol E. Rozek, Cohen, Pontani, Lieberman & Pavane, New York City, Mindy L. Klasky, and David L. Kelleher, Arent, Fox, Kintner, Plotkin & Kahn, Washington, DC, for Plaintiff.

Nancy J. Linck, Albin F. Drost, Scott A. Chambers, and Joseph G. Piccolo, U.S. Patent and Trademark Office, Arlington, VA, for Defendant.

## MEMORANDUM

ROBERTSON, District Judge.

The question presented by this case is whether the Commissioner of Patents and Trademarks was required to waive the provisions of a Patent and Trademark Office regulation establishing rules for proving that a patent application was timely filed, where the application never reached the Patent and Trademark Office and the applicant is unable to produce an Express Mail receipt. The matter is before me on cross motions for summary judgment. The material facts are not in dispute. The plaintiff claims that the Commissioner's refusal to waive the regulation's strict requirements was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Plaintiff seeks a writ of mandamus ordering the Commission-er, in effect, to receive the application for filing on a date certain, *nunc pro tunc*. The Commissioner, relying on the record before the Patent and Trademark Office, seeks the dismissal of plaintiff's case.

On June 3, 1991, the Patent and Trademark Office mailed plaintiff a notice stating that his patent application 07/241,760 "went abandoned" because he had failed to respond to a Patent and Trademark Office letter. Plaintiff responded with a petition to revive his abandoned application and asked that another patent application be continued from the abandoned one. That petition was granted, and serial number 07/713035 was assigned to plaintiff's continuation application. The continuation application was examined by a patent examiner who, on October 2, 1991, rejected all of its claims and set a time period of three months for plaintiffs to respond to the rejection. On April 29, 1992, after the Patent and Trademark Office had not received any response from plaintiff, it sent another notice of abandonment, reciting the reason as plaintiff's "failure to respond to the Office letter, mailed 10/2/91."

On February 9, 1993, more than nine months after the Patent and Trademark Office notified plaintiff that his continuing application had again "gone abandoned," plaintiff filed a petition for a filing date. The Commissioner denied that petition. He found that plaintiff had failed to bring himself within the curative provisions of 37 C.F.R. § 1.10(c) by submitting with his petition "a copy of his Express Mail customer receipt or any other Postal Service record showing that the Express Mail package in question was actually deposited in Express Mail service with the U.S. Postal Service."

Plaintiff thereafter submitted three affidavits, a declaration, and copies of two pages of records from his attorney's law firm, but the Commissioner finally denied plaintiff's petition for a filing date on the grounds that, if plaintiff had used Express Mail properly, he would have had an Express Mail receipt showing the actual date of mailing; and that the materials later submitted by the plaintiff were not good enough proof.

The materials plaintiff gathered together included a photocopy copy of an Express Mail label that is undated and bears no evidence of any U.S. Postal Service handling. The customer copy, which is supposed to be completed by the U.S. Postal Service and mailed back to the sender, apparently does not exist. Nothing submitted by plaintiff to the Patent and Trademark Office is corroborated by anything outside the office of the submitting counsel. It was the view of the Commissioner of Patent and Trademarks that these circumstances did not establish the extraordinary conditions that might warrant a waiver.

The decision was for the Commissioner to make, and I cannot find on the basis of the record presented to me that the Commissioner's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. I have reviewed the opinions of judges of this Court on similar issues, *Nitto Chemical Industry Co., Ltd. v. Douglas B. Comer*, C.A. No. 93–1378, 1994 WL 872610 (March 7, 1994); and *Sturzinger v. Commissioner of Patents*, 377 F.Supp. 1284 (D.D.C. 1974). Neither opinion has precedent value, strictly speaking, but my decision in this case is not inconsistent with either of them.

An appropriate order will issue with this memorandum.

### ORDER

It is **ORDERED** for reasons stated in the accompanying memorandum that the motion for summary judgment of the Commissioner of Patent and Trademarks [# 8] is **granted** and the cross motion for summary judgment of plaintiff Richard Honingsbaum [# 11] is **denied.**