AMANDA NOSEWORTHY, as Administratrix of the Estate of ERNEST NOSEWORTHY, Deceased, Appellant, *v.* CITY OF NEW YORK, Respondent.

Argued June 9, 1948; decided July 16, 1948.

*Ralph Stout, Joseph Rothbard* and *Herman W. Bernstein* for appellant. I. Plaintiff was entitled to requested charge " that in a death case such as this, the plaintiff is not held to the high degree of proof required in a case where the injured person may take the stand and give his version of the happening of the accident." (*Frate* v. *State of New York,* 245 App. Div. 442; *McBride* v. *Brady,* 234 App. Div. 882.) II. Plaintiff was entitled to have the trial court charge that the defendant's motorman was an interested witness. (*Fox* v. *Manhattan Ry.*

*Co.,* 67 App. Div. 460; *Matter of Kindberg,* 207 N. Y. 220; *Wohlfahrt* v. *Beckert,* 92 N. Y. 480; *Gaffney* v. *New York Cons. R. R. Co.,* 220 N. Y. 34; *Harris* v. *Fifth Ave. Coach Co.,* 132 N. Y. S. 743.) III. The Trial Justice also erred in his charge where he said: " I do not think there is any need to reject the testimony of anybody in this case. It seems to me that everything everybody said can practically be taken as true ". (*Becker* v. *Woarms,* 72 App. Div. 196.)

*John P. McGrath, Corporation Counsel* (*William D. Van Pelt* of counsel), for respondent. I. The trial court was correct in its refusal to charge in the language requested " that in a death case such as this, the plaintiff is not held to the high degree of proof required in a case where the injured person may take the stand and give his version of the happening of the accident." In an action for wrongful death the law shifts the burden of proof only as to contributory negligence upon the defendant. II. The charge on contributory negligence was favorable to the plaintiff. III. The trial court charged " they have a relation to the case, to the controversy, and that relation has got to be taken into consideration when you consider their testimony, but they have no financial interest and that is what interest means in the law of evidence." The request included the police officer, motorman and photographer. It is conceded that the request was too broad. Neither in the request nor in the modification was the motorman singled out. Regardless of how carefully the jury might scrutinize the testimony of the motorman, it could not be discarded. It may be interested but it is not in any way discredited. (*St. Andrassy* v. *Mooney,* 262 N. Y. 368.)

DESMOND, J. Ernest Noseworthy, plaintiff's intestate, having somehow gotten down from the platform, in one of defendant's subway stations, to the tracks a few feet below, was struck by a subway train. A few hours later, he died from his injuries. There was no testimony as to how he got onto the tracks or as to whether he was conscious or unconscious when struck. His body, when found, was lying between the rails with one leg on the rail farther away from the platform. Defendant's motorman was the only eyewitness. He testified that he saw nothing in the way of the train until the body became visible on the tracks, only ten feet from the oncoming cars, and that he applied his

brakes immediately and completed an emergency stop within fifteen feet. Meanwhile, the wheels of the first car had passed over Noseworthy's body. The station was well lighted and the length of the platform was such that the train must have traveled more. than 400 feet on the straight, level, stretch of track inside the lighted station, before the accident. All this, we think, made a jury question as to whether or not defendant's motorman was negligent in failing to see decedent until the train was so close that disaster was inevitable (see *Clarke* v. *City of New York*, 295 N. Y. 861). The jury answered this question in the negative by announcing a verdict for defendant, and the Appellate Division unanimously affirmed the judgment entered thereon. We granted plaintiff leave to appeal to this court so that we might review a number of alleged erroneous rulings made on the trial.

We refer herein to two only of those rulings, since those two were particularly important in their setting:

1. In that part of his charge to the jury where he briefly summarized the motorman's testimony, the Trial Justice had · said: " I do not think there is any need to reject the testimony of anybody in this case. It seems to me that everything everybody said can practically be taken as true." No exception was taken to those remarks but plaintiff's counsel later asked the court to tell the jury that " defendant's witnesses, particularly the police officer, motorman and photographer are interested witnesses." The court declined so to charge, and probably rightly so, since of the witnesses named, only one — the motorman — was " interested " in any sense. But the court then went on to tell the jurors that, under the law, no one is an interested witness unless he has a " financial interest " in the case. That was clearly wrong (*Volkmar* v. *Manhattan Ry. Co.*, 134 N. Y. 418, 422; *O'Flaherty* v. *Nassau Elec. R. R. Co.*, 34 App. Div. 74, 77, affd. 165 N. Y. 624; *Eastland* v. *Clarke*, 165 N. Y. 420, 430; *Matter of Kindberg*, 207 N. Y. 220, 227; *Gaffney* v. *New York Cons. R. R. Co.*, 220 N. Y. 34, 37). That erroneous statement so made to the jury was almost exactly that condemned in *Harris* v. *Fifth Ave. Coach Co.* (132 N. Y. S. 743-744) an Appellate Term opinion, written by Justice SEABURY, later a judge of this court, and concurred in by Justice LEHMAN, later our Chief Judge. The

*Harris* case gives the true rule applicable here: " In an action for injuries, the person directly charged with having caused the injuries, although he may not be the defendant, is so interested that the jury may be at liberty to disbelieve his testimony, although it is not otherwise impeached or contradicted." What this court said in the *Gaffney* case (*supra,* 220 N. Y. at p. 37) also is directly applicable here, since there as here, " If intestate's death was caused by negligence, the motorman was the person who was guilty of that negligence." From the misstatement of the law to these jurors — that only those financially involved were " interested witnesses " — and from the earlier remark that " everything everybody said can practically be taken as true ", the jurors could well have gotten the idea that their duty was to accept the motorman's version in its entirety. Such an acceptance would necessarily mean a verdict for defendant.

The second error on which we comment was the court's refusal to instruct the jurors that: " in a death case such as this, the plaintiff is not held to the high degree of proof required in a case where the injured person may take the stand and give his version of the happening of the accident ". We think plaintiff was entitled to such an instruction. In the earlier cases, before the burden of proof as to contributory negligence in death cases, was, in 1913, shifted by statute (Decedent Estate Law, § 131) to defendants, the courts announced the rule that since the one accused of contributory negligence was not alive to speak for himself, only slight proof of his freedom from guilt would be required (see *Schafer* v. *Mayor,* 154 N. Y. 466; *McHugh* v. *Manhattan Ry. Co.,* 179 N. Y. 378, 383; *Harrison* v. *New York Central & H. R. R. R. Co.,* 195 N. Y. 86, 90). But the recent cases do not limit this liberality to the question of contributory negligence, and say that in a death case a plaintiff is not held to as high a degree of proof of the cause of action as where an injured plaintiff can himself describe the occurrence (*McBride* v. *Brady,* 234 App. Div. 882; *Herbert* v. *Smith Paper Corp.,* 243 App. Div. 260, 263; *Frate* v. *State of New York,* 245 App. Div. 442, 445). We think that is sound and right. It is based on the " consideration " mentioned in *Griffen* v. *Manice* (166 N. Y. 188, 193–194) " that where the management and control of the thing which has produced the injury is exclusively vested in the defendant, it is within his power to produce evidence of the actual cause that produced the

accident, which the plaintiff is unable to present." *Griffen* v. *Manice* (*supra*) goes on to say (166 N. Y. at p. 194) that it is a general rule of evidence, applicable to every sort of case, " that where the defendant has knowledge of a fact but slight evidence is requisite to shift on him the burden of explanation ". All that applies with greatest force to a situation like that before us here, where no one except the motorman knew what took place early that morning in that deserted subway station.

There were other incidents and rulings at this trial of which plaintiff rightfully complains. But the two rulings above described were, we think, not only plainly wrong, but seriously prejudicial in a case like this. They deprived plaintiff of her right to have her cause go to the jury on an accurate statement of the simple rules applicable thereto.

The judgments should be reversed and a new trial granted, with costs in all courts to abide the event.

LOUGHRAN, Ch. J., LEWIS, THACHER, DYE and FULD, JJ, concur; CONWAY, J., taking no part.

Judgments reversed, etc.