Cohn, J.
(dissenting). Plaintiff failed to established negligence on the part of defendant. There is no evidence as to thé position of plaintiff on the roadbed immediately before the accident from which a jury could find without surmise or speculation that in the exercise of ordinary prudence his position of danger could have been observed by one operating an approaching train. It is only where there is proof of circumstances to establish that the person injured was in *763 such a position as to be in plain view of the motorman of an approaching train who is operating it that an issue of fact as to negligence on the part of the motorman’s employer arises (Mikorski v. City of New York, 270 App. Div. 769; Clarke v. City of New York, 295 N. Y. 861; Noseworthy v. City of New York, 298 N. Y. 76; Rand v. City of New York, 270 App. Div. 996).
Accordingly, I dissent and vote to reverse and dismiss the complaint.
Peek, P. J., G-lennon, Dore and Van Voorhis, JJ., concur in decision; Cohn, J., dissents and votes to reverse and dismiss the complaint in opinion.
Judgment affirmed, with costs. No opinion.