ROBERT WARSHAW, as Administrator of the Estate of HYMAN WARSHOFSKY, Deceased, Appellant, *v.* SOLOMON REICHMAN, Respondent.

First Department, October 25, 1955.

*Benjamin H. Siff* of counsel (*Harry Zeitlan* with him on the brief; *Carl J. Moscowitz,* attorney), for appellant.

*John P. Wourms* of counsel (*Bounds & Wourms,* attorneys), for respondent.

*Per Curiam.* This is an appeal in a death action from a dismissal of the complaint at the end of the plaintiff's case.

There were no eyewitnesses to the accident except defendant. There were two witnesses for the plaintiff who observed the position of defendant's car and decedent's body immediately after the accident. The rear of defendant's car at that time was at the building line of a street, which defendant had completely crossed, and the body of decedent was in front of the car. The wholly justified inference from this state of facts was that the front of defendant's car had struck decedent, and it was even a permissible inference on all the facts that decedent had been struck at the crosswalk and his body propelled a car's length.

Defendant testified on plaintiff's pretrial examination of him that his car came in contact with decedent, although he "wouldn't know" what part of his car came in contact with decedent. He said that he brought his car to a stop because he "saw an object falling". In answer to the question, "Did you see this object before you came into contact with it? ", he answered "I don't know. I just saw falling." He stated that he did not know where the object came from; that he did not know at the time that it was a man. He added, "I suspected, I couldn't see, but I suspected it was a man. That was the reason I stopped immediately." He further testified that upon stopping his car and investigating he found decedent somewhere behind the car.

Bearing in mind the rule that the plaintiff in a death action is not held to as high a degree of proof of his cause of action as where an injured plaintiff himself can describe what happened (*Noseworthy* v. *City of New York*, 298 N. Y. 76), we think that a sufficient showing was made on plaintiff's case to require the trier of the facts to make a decision on the whole case and not dismiss at the conclusion of the plaintiff's case. Not only was it a permissible and justifiable inference that the front of defendant's car struck decedent under conditions of visibility which defendant conceded were good, but it might be said on

the evidence that defendant did see the decedent or should have seen him and was negligent in his operation of the car. Certainly the trier of the facts was not bound to accept defendant's testimony as an exculpation. That testimony together with any testimony defendant might give on his own case could be weighed with the evidence as a whole at the close of the case, but on plaintiff's case alone it did not negate negligence.

The decision of the Court of Appeals in *Scantlebury* v. *Lehman* (305 N. Y. 713) requires, in our opinion, a reversal of the dismissal here and a retrial and determination of the issue on the merits at the conclusion of the entire case. Indeed this case is stronger for plaintiff than the *Scantlebury* case because here there is evidence by the admission of defendant that he did see decedent and no compelling explanation of how he came to strike him down. The case is readily distinguishable from *Wank* v. *Ambrosino* (307 N. Y. 321), where there was nothing to show how it came about that defendant's car hit a man.

The judgment appealed from should be reversed and a new trial ordered, with costs to appellant to abide the event.

PECK, P. J., COHN, BOTEIN and COX, JJ., concur; BREITEL, J., dissents and votes to affirm.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event. Settle order on notice.