■ Catherine A. Van Horn, as Administratrix of the Estate of Howard J. Van Horn, Deceased, Appellant, v. Harriet D. Messina et al., Respondents.— In an action to recover damages for wrongful death, the appeal is from a judgment dismissing the complaint at the close of the entire case. About 4:00 A.M. on September 26, 1953, appellant's intestate received the injuries which caused his death when a passenger car, owned by respondent Peck and in which the intestate was riding, collided with a truck which was owned by respondent Harriet D. Messina and which had been parked on the day of the accident by respondent Angelo Messina in front of his home on Route 9-W, a short distant south of Newburgh, New York. Judgment, insofar as it is in favor of respondent Peck, affirmed, without costs. No opinion. Judgment, insofar as it is in favor of respondents Messina, reversed, action severed, and a new trial granted, with costs to abide the event. At the time of the accident it was dark but the weather was clear and the road dry. There were no lights on the Messina truck and, as the accident happened more than a half hour before sunrise, subdivision 6 of section 15 of the Vehicle and Traffic Law is applicable. Therefore a question of fact as to the negligence of respondent Angelo Messina in leaving the truck unlighted was for the jury to determine. In any event, regardless of the statute, a question of common-law negligence is presented under such circumstances (*Di Prisco* v. *Madison Trucking Corp.*, 277 App. Div. 843). Although there is no direct evidence that such parking of the unlighted truck was the proximate cause of the accident (this being an action to recover damages for wrongful death), appellant should not be held to as high a degree of proof as would a plaintiff in an action to recover damages for personal injuries when an injured person may describe the occurrence (*Noseworthy* v. *City of New York*, 298 N. Y. 76). Nolan, P. J., Murphy, Hallinan and Kleinfeld, JJ., concur; Wenzel, J., concurs insofar as the judgment in favor of the respondent Peck is affirmed, but dissents insofar as the judgment in favor of the respondents Messina is reversed and votes to affirm the judgment insofar as it is in favor of the respondents Messina, with the following memorandum: While respondent Angelo Messina undoubtedly could properly have been found negligent, there is no proof that his negligence brought about the happening of the accident. Had the truck been lighted up like a Christmas tree, the accident

might still have occurred. Others saw the truck. What caused the passenger car to swerve into the right-hand lane from the left where it had been proceeding at a high rate of speed must be left to guess and conjecture. The opinion in *Noseworthy* v. *City of New York* (298 N. Y. 76) is not authority for a holding, in an action for wrongful death, that a jury may so determine the case. It has been so stated in the later case of *Cole* v. *Swagler* (308 N. Y. 325). Additionally, there is implicit in the determination of the Trial Term and in the affirmance by this court of the judgment in favor of the respondent Peck, a finding that there was insufficient evidence from which it might be determined by ratiocination who was driving the car. It might have been the intestate. If that were so there is ample proof of his contributory negligence, for both the testimony and the physical facts as disclosed by the photographic evidence show that the passenger car was going at a highly excessive and unlawful rate of speed. This necessarily predicates contributory negligence on the part of the driver which would bar recovery by his administratrix.