█ ARTHUR DELLA CROCE, as Committee of the Person and Property of ESTHER DELLA CROCE, an Incompetent Person, et al., Respondents, v. CITY OF NEW YORK, Appellant.— In an action on behalf of Esther Della Croce to recover damages for personal injuries and by her husband for medical expenses and loss of services, the appeal is from a judgment entered on a jury verdict for $100,000 for personal injuries and for $40,000 for medical expenses and loss of services. The personal injuries are alleged to have been received, when appellant's bus, in which the wife was riding as a passenger, suddenly stopped, causing her to fall. Judgment reversed and a new trial granted, with costs to abide the event. The verdict is grossly excessive unless predicated on a finding that the wife sustained an injury to the back of her head resulting in traumatic epilepsy, which finding is against the weight of the credible evidence. There is proof, including alleged statements of the wife, that she was subject to fainting spells prior to the accident. She was not rendered unconscious at the time of the accident, nor is there proof or claim of bleeding. She did not resign from her employment until August, 1946. All reported physical examinations, starting from the day of the accident, are negative. In contrast with testimony of the husband that the seizures started after the accident and continuously increased in frequency and intensity with damage of personality, the family doctor who examined her immediately after the accident and treated her for nearly six years thereafter made no effort, so far as appears from his testimony, to determine the cause. He was primarily concerned with extraneous ailments. When, purportedly, he was first apprised on August 12, 1946 of a seizure after an alleged faint on August 3, 1946, he did no more than prescribe a drug " to regulate these epileptic attacks." Despite progressive deterioration to an extremely disturbed state, no proof was adduced as to any effort to ascertain the cause. Statements in the history of the wife recorded at a State hospital indicate, however, that she had been attended by a neurologist, brain specialist and neurosurgeon and that she had been in the Neurological Institute of New York City. No proof was adduced as to the findings, if any, on these occasions, nor was there testimony from a neurologist who had attended her upon delivery of one of her children. The record is devoid of proof that any doctor has ever seen her during the course of a seizure. There is no such proof on the part of anyone other than the husband. The hospital record of Kings County Hospital, from which institution it appears she was transferred to a State hospital for confinement of chronically disturbed persons, was not produced. A change in formal diagnosis at the State hospital was made upon a history primarily furnished by the husband and by the doctor of limited qualifications who recommended the change without knowledge of the pending lawsuit. A doctor testified for appellant, without dispute, that his neurological tests negatived the claim that the seizures originated from a focal point or lesion in the brain. The presence of such lesion or of scar tissue might have been detected by means of an electro-encephalogram. An X ray would have been helpful. There is no proof that resort to them or any other means has ever been made. It was error to have charged that employees of the New York City Department of Welfare were interested as a matter of law (*Noseworthy* v. *City of New York*, 298 N. Y. 76, 79; *Hoffman* v. *Florida East Coast Hotel Co.*, 187 App. Div. 146, 151). The jury should have been apprised of the applicable principles attendant the doctrine of *res ipsa loquitur* so as to appreciate the importance of determining the credibility of the bus

operator in explaining the cause of the sudden stop. Instead, the court referred to the testimony of the bus operator only insofar as it corroborated the testimony of the wife. Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.