Chief Judge Conway
(dissenting). On December 18, 1950, at about 7:00 p.m., plaintiff’s intestate, Philip Morello, while crossing East Tremont Avenue in New York City, walking from north to south, was struck and killed by the automobile of defendant Murzi which was traveling in an easterly direction on East *92 Tremont Avenue. The accident occurred at a point underneath an overpass which had been constructed by Brookfield Construction Co., Inc., for the State of New York. Under its contract with the State, Brookfield undertook to maintain pedestrian, trolley and vehicular traffic and to install the necessary electrical equipment for lighting under the overpass. Brookfield entered into a subcontract with W. E. Blume, Inc., under which contract Blume was to install lights and lighting fixtures under the overpass. It is admitted that throughout September, October, November and up to and including the date of the accident, the requisite lights had not been installed, and that throughout that entire period of time there were no lights of any kind lighted under the overpass.
The decedent was employed as a dress cutter on East 42nd Street in New York City. At about the time of the happening of the accident decedent was expected to have been home from work. He lived on the south side of East Tremont Avenue at No. 1230. The nearest subway station to and from his place of employment was located on the westerly side of Morris Park Avenue about 400 feet north of the point where Morris Park Avenue intersects East Tremont Avenue. Decedent’s home was about 300 feet east of that intersection. Thus, in order to reach his home from the subway station, it was necessary for bim to walk south on Morris Park Avenue for about 400 feet, and then to walk in an easterly direction on East Tremont Avenue, for about 300 feet, passing under the overpass.
The theory of plaintiff’s action against Murzi was that he was negligent in the operation of his automobile. Insofar as the defendants, Brookfield, Blume and the City of New York were concerned, plaintiff asserted two causes of action. One cause of action was based on negligence and the other on nuisance. The plaintiff contended that those defendants were concurrently negligent and guilty of maintaining a nuisance because of the construction of an overpass across a public street and the failure, for a long period of time, to provide illumination thereunder, contrary to the provisions of the construction contracts as well as their common-law duty. More specifically, plaintiff urged that the darkness under the overpass necessitated the sudden adjustment of vision by motorists and resulted in the failure of defendant, Murzi, to see the decedent in time to avoid striking *93 him; that the north sidewalk under the overpass was dangerous because it was in darkness and that it was so obstructed by rocks and debris, which was caused by the defendant’s activities and so suffered to exist, that it necessitated the decedent’s leaving the north sidewalk to cross the street in order to reach the south sidewalk.
The complaint, insofar as it asserted a cause of action for nuisance, was dismissed by the trial court. The trial court also eliminated from the case the plaintiff’s theory of action sounding in negligence to the effect that, because the north sidewalk was obstructed, the decedent was required to cross the street, and that such could have been a proximate cause of the accident. The case was submitted to the jury on only the following bases of liability:
‘ ‘ One, was there such an insufficiency of light or illumination beneath the overpass as to reduce visibility?
“ Two, was the visibility so reduced or obliterated so as to affect Murzi’s driving?
“ Three, if Murzi’s driving was so affected, did that in any way contribute — was it in any way causally or proximately related to the contact of Murzi’s car with the decedent?”
The jury returned a verdict in favor of plaintiff against defendant, Murzi, and in favor of the defendants, Brookfield, Blume and the City of New York, as against the plaintiff. Defendant Murzi did not appeal to the Appellate Division but plaintiff appealed with respect to the determination in favor of the other defendants. The Appellate Division affirmed.
On the present appeal from the adverse determination of the Appellate Division, the plaintiff argues:
(1) That the theory of plaintiff’s action that the obstruction on the north sidewalk could have been a proximate cause of the accident, was erroneously eliminated from the case;
(2) That the Trial Judge erroneously dismissed the plaintiff’s cause of action sounding in nuisance; and
(3) That the Trial Judge’s conduct in excessively examining and cross-examining witnesses and the manner in which he did so was prejudicial to the plaintiff in the eyes of the jury and constituted a denial of a fair trial as a matter of law.
We find it unnecessary to consider the second and third grounds urged, for we are persuaded that the plaintiff is enti *94 tied to a new trial upon the ground that the trial court should have submitted to the jury the questions of whether the obstruction on the north sidewalk forced decedent into the street and whether such was a proximate cause of the accident leading to decedent’s death.
Because of the circumstances surrounding the happening of the accident, there was no direct evidence of the facts that decedent had been walking along the north sidewalk underneath the overpass and that, because that sidewalk was obstructed, he was compelled to cross over to the south sidewalk in the process of which he was killed. Nevertheless, there was evidence adduced upon the trial from which such an inference could reasonably and properly have been drawn. As mentioned earlier, there was evidence of the location of the subway station and the location of decedent’s home. There was evidence that he was expected home from work at about the time when the accident occurred. There was evidence that he was required to pass beneath the overpass to reach his home, and that, after the accident the position of his body in the street was five feet from the curb of the south sidewalk. The decedent’s home was on the south side of East Tremont Avenue and his presence in the street in such close proximity to the south sidewalk indicated that, at the time of the accident, he was in the process of crossing the street from the north sidewalk to the south sidewalk underneath the overpass. That the north sidewalk was obstructed on the night of the accident was established by the testimony of a police officer. The obstructions were described as chunks of stone, rocks, dirt and the remnants of landscaping that was being carried on in that area. It appeared that, in September of 1950, rain had washed down some soil from the slope onto the north sidewalk underneath the overpass. A State’s engineer admitted that land had washed down underneath the overpass on the north side, but denied that it carried onto that sidewalk. The engineer testified that the north sidewalk had been clear, the work completed thereon, and was in good condition in October, 1950, and that he did not remember any unusual condition that would put debris back onto the sidewalk after that time. When the engineer was later recalled to the stand, however, he voluntarily admitted that the testimony — that the work on the sidewalk had been completed in October, *95 1950 — had been erroneous, as he had since ascertained by reference to his diaries. The police officer who had testified to the obstructions on the north sidewalk further stated, in effect, that, because of the darkness under the overpass, pedestrian travel on that obstructed sidewalk was doubly hazardous.
We recognize that the evidence in support of plaintiff’s theory was not overwhelming. However, we are unable to brand it “ far-fetched.” In our judgment the question should have been submitted to the jury for their consideration. This was a wrongful death action. Decedent was not able to testify as to how the accident happened. The next best thing to do, as was done here, was to prove facts from which a reasonable inference could have been drawn as to why he happened to have been crossing the street at the point where the accident occurred. As our court has said, “in a death case a plaintiff is not held to as high a degree of proof of the cause of action as where an injured plaintiff can himself describe the occurrence ” (Noseworthy v. City of New York, 298 N. Y. 76, 80). In the light of that principle we consider the plaintiff’s proof sufficient to warrant the theory’s submission to the jury. An unreasonable obstruction of a public sidewalk which compels a pedestrian to venture into the street where he is struck by a passing automobile is capable of imposing liability (see O’Neill v. City of Port Jervis, 253 N. Y. 423; Majka v. Haskell, 301 N. Y. 206). The cited cases are sought to be distinguished on the basis that there the sidewalks were so completely blocked that they were impassable. That, in our opinion, has no force whatever. The fact that there the sidewalks were impassable and here the sidewalk was not so completely blocked as to be in fact impassable is a difference in degree only. Whether the decedent was forced into the street was for the jury to decide.
The judgments of the Appellate Division and Trial Term, insofar as appealed from, should be reversed and a new trial granted, with costs to abide the event.
Judges Desmond, Dye and Van Vooehis concur with Judge Fund; Chief Judge Conway dissents in an opinion in which Judge Feoessel concurs; Judge Burke taking no part.
Judgment affirmed.