made August 27, 1957 and entered August 28, 1957. Orders and judgment unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ. [7 Misc 2d 286.]

■ HENRIETTA SCHATTNER, Appellant, v. ROBERT I. SCHATTNER, Respondent.— In an action for a separation, the appeal is from so much of an order granting appellant's motion for reargument of a motion to vacate a notice to examine respondent before trial as adhered to the original decision. Order insofar as appealed from affirmed, without costs. No opinion. Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.

■ TOWN OF EAST HAMPTON, Appellant-Respondent, v. MEL LAMB et al., Respondents-Appellants.— In an action by the owner of an airport to enjoin the alleged trespassing thereon by an operator of aircraft, and for other relief, a counterclaim was interposed for judgment directing that appropriate space at the airport be allocated for its use. After trial, the complaint and the counterclaim were dismissed, and the parties appeal from the judgment entered thereon. Judgment unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.

## (June 30, 1958)

■ BALSAM FARM, INC., Respondent, v. EVERGREEN DAIRIES, INC., Appellant.— Motion referred to the court that rendered the decision. Present — Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ. Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals denied. Present — Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ CITY UNDERWRITING AGENCY, INC., Appellant-Respondent, v. BULOVA WATCH COMPANY, INC., Respondent-Appellant.— Motion by appellant-respondent for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ.

■ In the Matter of the Estate of CHARLES S. FOLSOM, Deceased. MARY KENNELLY et al., Appellants-Respondents; THOMAS D. AUSTIN et al., Respondents-Appellants, et al., Respondents; WALTER R. KEEFE, as Administrator of the Estate of ANNA GRIMES, Deceased, et al., Respondents.— Motions by appellants-respondents and respondents-appellants for leave to appeal to the Court of Appeals granted. Present — Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ.

■ In the Matter of EDWARD C. MOFFETT, Petitioner, against JOSEPH P. KELLY, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Motion referred to the court that rendered the decision. Present — Wenzel, Murphy, Hallinan and Kleinfeld, JJ.; Nolan, P. J., not voting. Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals denied. Present — Beldock, Murphy, Ughetta and Hallinan, JJ.; Nolan, P. J., not voting.

■ LOG CABIN REST, INC., Respondent, v. ALPINE WINE & LIQUOR CORP., Appellant.— Motion referred to the court that rendered the decision. Present — Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ. Motion for reargument denied, without costs. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

■ MINNESOTA MINING & MANUFACTURING COMPANY, Appellant, v. TECHNICAL TAPE CORP. et al., Respondents, et al., Defendants.— Motion referred to the court that rendered the decision. Present — Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ. Motion for reargument denied, without costs.

Motion for leave to appeal to the Court of Appeals denied. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Hallinan, JJ.

■ NASSAU PHOTO-ENGRAVING CO., INC., Appellant, v. DAILY REVIEW CORPORATION, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT LOUIS LOZZI, Respondent, against EDWARD M. FAY, as Warden of Green Haven Prison, Stormville, Respondent, and THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— Motion for leave to appeal to the Court of Appeals granted. Present — Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld. JJ.

■ RHODA L. P. ACKER, Respondent, v. MANHATTAN LIFE INSURANCE COMPANY, Appellant.— In an action to recover under a double indemnity provision of a life insurance policy, the appeal, by permission of the Appellate Term, is from an order of that court which affirmed a judgment of the City Court of the City of New York, Kings County, entered on a jury verdict, in favor of respondent. The policy was issued by appellant on the life of respondent's husband, of which policy she was the beneficiary. Order of the Appellate Term reversed on the law and the facts, without costs in this court and in the Appellate Term, judgment of the City Court vacated, and complaint dismissed. The jury had no right to reject the testimony of the motorman, the operator of the subway train which was alleged to have caused the insured's death. That testimony showed that the insured jumped in front of the train when it was within three feet of him. The testimony was supported by undisputed proof that the insured had been separated from his employment for a month, had been in a hospital for a nervous condition, and that the respondent had stated upon being notified of the death, that the insured had said he would do it and that she, respondent, had signed him out of the hospital and should not have done so. In any event we would reverse and grant a new trial because of the prejudicial comments, questions and rulings of the trial court. Wenzel, Acting P. J., Murphy and Ughetta, JJ., concur; Beldock, J., concurs in the reversal of the order and the vacating of the judgment but dissents from the dismissal of the complaint and votes to order a new trial, with the following memorandum: Whether death resulted from accident or suicide was a question of fact. (*Begley* v. *Prudential Ins. Co.*, 1 N Y 2d 530.) The complaint is being dismissed solely on the ground that the jury had no right to reject the testimony of the motorman in charge of the train which caused the death to the effect that death was suicide. There is a wrongful death action pending against the motorman's employer based on the occurrence here involved. In that action the motorman would be an interested witness, whose testimony might be rejected even if not contradicted. (*Noseworthy* v. *City of New York*, 298 N. Y. 76.) While technically the motorman may not be an interested witness in this action against an insurance company, in my opinion, the complaint should not be dismissed solely on the basis of his testimony. Kleinfeld, J., dissents and votes to affirm the order of the Appellate Term.

■ DAVID BROSER, as Administrator of the Estate of LAURIE J. BROSER, Deceased, an Infant, Appellant, v. BERNARD STERNBACH et al., Respondents.— In an action to recover damages for wrongful death, the appeal is from a judgment dismissing the complaint at the close of plaintiff's case, during a trial before the court and a jury. The intestate, a girl three years of age, was playing on a bed next to a window which was open from the bottom and in which there was an ordinary window screen. Her mother and older sister were sleeping in another bed in the same room. In some manner, the screen gave way and the child fell from the window, sustaining injuries which resulted