◼ WINIFRED McCULLOUGH, as Administratrix of the Estate of THOMAS McCULLOUGH, Deceased, Respondent, v. NATIONAL DAIRY PRODUCTS CORPORATION, Appellant.— Judgment and order affirmed, with costs. Memorandum: The evidence of the installation of a ventilating fan by the defendant after the occurrence of the accident was of doubtful admissibility, in view of the fact that there was no real issue as to the defendant's control of the premises. However, evidence on this subject was received without objection in three instances and, in the one instance in which objection was made, the objection was withdrawn. In all other respects, the case presented only questions of fact and, in our opinion, the verdict of the jury was in accordance with the weight of the evidence. All concur, except Williams, P. J., and Henry, J., who dissent and vote for reversal and for granting a new trial, in the following memorandum: Judgment has been rendered in favor of the plaintiff in the sum of $102,660.60 including interest and costs. The majority of this court has voted to affirm. We must dissent from this affirmance on the ground that the finding of the jury, inherent in the verdict, that the plaintiff's intestate was not guilty of contributory negligence, is against the weight of the evidence. The deceased died from carbon monoxide asphyxiation. The gases were discharged from a gasoline motor which operated a pump, both of which were installed upon the truck which the deceased was operating and both of which were under his sole control as the driver and operator of the truck. It was his duty to deliver the product carried by the truck. As part of this duty, he was required to start the pump motor and generally to conduct the unloading operation. The defendant's employees had no part of this obligation. The deceased knew or should have known of the

hazards involved in operating this gasoline motor inside a closed unventilated shed. He had been a regular driver making similar deliveries about twice a month for a period of three to four years, although for part of this period these were outside deliveries. While we are fully aware of the standards that have been laid down in death cases (e.g., *Noseworthy* v. *City of New York,* 298 N. Y. 76), such holdings do not constitute an invitation to affirm all of such verdicts regardless of how negligent the deceased may have been. Furthermore, in our opinion, the verdict is excessive. We would set the verdict aside and grant a new trial. (Appeal from a judgment of Erie Trial Term for plaintiff in a negligence action. The order denied a motion for a new trial.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.