■ DORIS BRENNAN, as Administratrix of the Estate of WILLIAM J. BRENNAN, Deceased, Respondent, v. LONG ISLAND RAIL ROAD COMPANY, Appellant.— In an action to recover damages for wrongful death, the defendant appeals from a judgment of the Supreme Court, Kings County, entered May 14, 1957, upon a jury's verdict of $127,000 in favor of plaintiff, as reduced by stipulation of the parties to $100,000. It is claimed that plaintiff's intestate was killed as a result of defendant's negligence in the maintenance and operation of a trap door which fell and struck the intestate as he boarded a train after the train had started to move forward. Judgment affirmed, with costs.

No opinion. Kleinfeld, Christ, Pette and Brennan, JJ., concur; Ughetta, Acting P. J., dissents and votes to reverse the judgment and to dismiss the complaint, with the following memorandum: Plaintiff's recovery can be sustained only if the testimony of the witness Dater is worthy of credence. If it is not, the record here is devoid of proof that any negligence on the part of defendant was a proximate cause of the accident resulting in the death of plaintiff's intestate. I find the testimony of this witness to be so suspect, so contradictory and so utterly in conflict with the irrefutable physical facts that it should be held not only to be incredible as a matter of law but also, when carefully analyzed, to constitute no evidence whatsoever of negligence. I am not unmindful of the general rule that in a death case a plaintiff is not held to as high a degree of proof of the cause of action as where an injured plaintiff can himself describe the occurrence (*Noseworthy* v. *City of New York*, 298 N. Y. 76); but it is still true that, where there is such an insufficiency of evidence that the trier of the facts could not reasonably be satisfied that the fact sought to be proved has been established, there is nothing to submit to the jury (*Matter of Case*, 214 N. Y. 199).