■    MARGARET MIRCIK, as Administratrix of the Estate of ANTHONY S. MIRCIK, Deceased, Respondent, v. VAN NEST CONTRACTORS EQUIPMENT CORPORATION, Appellant.— Judgment entered May 2, 1960, in the sum of $25,998.50 entered on a verdict for $46,227.75, which was conditionally reduced by the trial court to $22,500, and, as so reduced, assented to by the plaintiff, reversed, on the law, the facts having been considered, and the complaint dismissed, with costs to defendant-appellant. The action originally commenced against both the owner and operator of the truck abated against the latter by reason of his death during the pendency of the action. There is no evidence to support the finding implicit in the verdict that the deceased's contact with the truck was due to negligence in the operation of the truck. The "X" mark referred to in the dissenting memorandum does not evidence the fact that immediately prior to the occurrence plaintiff's decedent was on the roadway. The brother of the deceased who placed the "X" mark on the diagram testified the deceased was standing to the left of the barricade which would place him on a line

between the southerly side of the barricade and the northerly end of the mall. On the argument of this appeal counsel for plaintiff stated this claim was not made on plaintiff's summation as is evident from the transcript thereof in the record on appeal. Concur — Breitel, J. P., Valente and McNally, JJ.; Rabin and Eager, JJ., dissent and vote to affirm in the following memorandum by Rabin, J.: I dissent and vote to affirm. I believe that in this death action there was sufficient proven to support the jury's verdict. There was a conflict as to the location of the boy just before he was struck. The driver in his deposition testified that he saw him standing within the barricade. However, one of the witnesses for the plaintiff testified that the boy was standing to the left of the barricade. But it could be reasonably argued that such testimony does not make clear whether the boy was within the barricade or on the roadway outside of it. However, the witness marked with an "X" on one of the exhibits the place where he last saw the boy before the accident. This mark would put the boy outside the barricade on the roadway. In the circumstances the jury had the right to disregard that portion of the testimony of the driver in his deposition as would place the boy within the barricade and to make a finding that the boy was on the roadway outside the barricade just before the accident. Such a finding, coupled with the testimony of the driver that he did see the boy just before the accident, was sufficient to meet the burden imposed upon a plaintiff in a death action where, as here, there are no witnesses who actually saw how the accident occurred (*Noseworthy* v. *City of New York*, 298 N. Y. 76, 80). "The management and control of the thing which has produced the injury [was] exclusively vested in the defendant" and in the circumstances it became the defendant's burden to explain the occurrence (*Noseworthy* v. *City of New York, supra*). This the defendant failed to do.