## Fourth Department, January, 1962

## (January 4, 1962)

Dorothy Ferrainolo, Respondent, v. Prudential Insurance Company of America, Appellant.—

Memorandum: At the conclusion of the testimony each party moved for a directed verdict and the Trial Justice directed a verdict in favor of plaintiff on the theory that he would have been required to set aside a contrary verdict for legal insufficiency. This ruling, of course, presupposed that there were no material issues of fact because, if there were, both motions should have been denied, and the case submitted to the jury (Civ. Prac. Act, § 457-a, subd. 2). The sole question before the court was whether, through the fraud of the agents of the defendant, plaintiff had been induced to sign a release. She admitted signing the release and accepting a return of the premiums that had been paid on the policy. The plaintiff's testimony as to fraud was undisputed but the release was in evidence and she was an interested party (*Noseworthy* v. *City of New York*, 298 N. Y. 76, 79, 80). Thus there were questions of fact which should have been submitted to the jury (6 Carmody-Wait, New York Practice, pp. 713, 714). The case of *Woodson* v. *New York City Housing Auth.* (10 N Y 2d 30) is not controlling here. In that case there was no evidence of any kind favorable to the defendant. In the present case the release and receipt were in evidence and the burden was upon the plaintiff to establish fraud by clear and convincing evidence. (Appeal by defendant from judgment of Monroe Trial Term granting a motion for a directed verdict at the close of plaintiff's case, in an action by the beneficiary to recover the double indemnity death benefit under a life insurance policy.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

The People of the State of New York, Respondent, v. Matthew J. Lambert, Appellant.— Memorandum: We are informed that copies of the indictment, Clerk's minutes, and judgment of conviction, have been sent to the appellant. The request for other papers is denied. (Appeal from order of Monroe County Court denying an application for a show cause order to be furnished with certain papers in a criminal action at county expense.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.