15 N.Y.2d 516 (1964)
Jean Rucker, as Guardian ad Litem of Rosa Hill, a Mentally Incompetent Person, Respondent,
v.
Fifth Avenue Coach Lines, Inc., et al., Appellants.
Court of Appeals of the State of New York.
Argued September 28, 1964.
Decided October 15, 1964.
William J. McNamara and Stuart Riedel for appellants.
Jacob D. Fuchsberg and Abraham Fuchsberg for respondent.
Concur: Judges FULD, VAN VOORHIS, BURKE, SCILEPPI and BERGAN. Chief Judge DESMOND dissents in the following opinion in which Judge DYE concurs.
Order reversed and the complaint dismissed, without costs, upon the ground, fully developed in the dissenting opinion at the Appellate Division, that the plaintiff failed, as a matter of law, to establish actionable negligence. The cases cited in the opinion for affirmance are inapposite. In each of them, a question of fact as to defendant's negligence was held to exist by reason of the undisputed proof that the operator of the *518 vehicle failed to see plaintiff (or plaintiff's intestate) even though the latter was in plain and unobstructed view and in the direct path of the vehicle.
Chief Judge DESMOND (dissenting).
Under the controlling precedents a prima facie case of negligence and freedom from contributory negligence was made out. The bus driver, seeing plaintiff standing at a place in the street where the bus, if it stayed in its lane, would pass dangerously close to her, nevertheless proceeded on without reducing his speed or taking any other precautions. He was on notice that plaintiff had gotten herself into a position of danger. He did not know what her intentions were. Perhaps she had gotten out there just as the light changed against her or perhaps she was out there waiting for the light to change in her favor. Nevertheless and regardless of this uncertainty the driver went right ahead into the dangerous situation.
We have upheld many verdicts where the plaintiff's proof was weaker than this, as where the driver asserted  and no one could dispute him  that he never saw the pedestrian at all (see, for instance, Clarke v. City of New York, 295 N.Y. 861; Klein v. Long Is. R. R. Co., 303 N.Y. 807; Scantlebury v. Lehman, 305 N.Y. 713; Callins v. Ritter, 7 N Y 2d 793).
A nonsuit was not compelled here by the driver's testimony that the woman "darted" into the path of the bus. In several of the cited cases the driver's testimony that he did not and could not see the person on the tracks or in the road was uncontradicted by any direct evidence and, if believed, would show that the body suddenly appeared at the point of danger. Yet judgments for those plaintiffs were sustained on the so-called "Noseworthy" theory (298 N.Y. 76). In other words, where (as here) the injured or the deceased cannot testify, the verdict stands if the jury, rejecting the driver's self-exculpation, could find in the circumstances sufficient basis for a conclusion that the driver by failure to exercise due caution caused the injury or death. Such a finding was justified here by the undisputed showing that the driver plunged ahead though he saw the woman out in the street at a point where if he proceeded ahead in his lane the clearance was as little as a foot or two.
*519 Although we think it unnecessary here, we suggest that this verdict was justified on the "last clear chance" theory also (see Kumkumian v. City of New York, 305 N.Y. 167, and cases cited). In the present case the jury could find that the driver, after he recognized the danger of plaintiff's position, had ample time and means to avoid striking her.
In Middlebrook v. Auletta (15 N Y 2d 501, decided today) we reversed a dismissal of the complaint below and held that there was a jury question. Driver Auletta, warned of and seeing the dog in his car's path, nonetheless proceeded on without taking any precautions, then suddenly slammed the brakes on, causing injury to his passenger.
The order should be affirmed, with costs.
Order reversed, etc.