## (July 22, 1968)

■ Leonard Bongiorno, Appellant, v. Wechter Fuel Oil Company et al., Respondents.— Judgment of the Supreme Court, Kings County, dated April 15, 1965, affirmed, with costs. No opinion. Appeal from order of said court dated June 4, 1965 dismissed, without costs. No appeal lies from an order denying a motion to reconsider, on the trial minutes, a decision dismissing the complaint upon the trial. Beldock, P. J., Munder and Martuscello, JJ., concur; Rabin and Benjamin, JJ., concur in the dismissal of the appeal from the order, but otherwise dissent and vote to reverse the judgment and grant a new trial, with the following memorandum: In this intersection collision case, plaintiff was unable to testify as to the happening of the accident because brain damage suffered in the accident had erased all memory of the occurrence from his mind. As the dismissal was at the close of plaintiff's case, he is entitled to the benefit of every favorable inference that can reasonably be drawn from the proof (*Andersen* v. *Bee Line*, 1 N Y 2d 169, 172; *Brownlee* v. *Hot Shoppes*, 23 A D. 2d 848; *Dillon* v. *Rockway Beach Hosp.* 284 N. Y. 176). Because of his inability to testify concerning the accident, he should not be held "to as high a degree of proof * * * as where an injured plaintiff can himself describe the occurrence" (cf. *Noseworthy* v. *City of New York*, 298 N. Y. 76, 80; *Stein* v. *Palisi*, 308 N. Y. 293, 297; *Townley* v. *Bagby Transfer Co.*, 19 A D 2d 757, 758; *Cameron* v. *Dooley*, 18 A D 2d 130). In light of these rules, did plaintiff at bar make out a prima facie case that entitled him to go to the jury? We think he did. The defendant operator did not testify at the trial. At a pretrial examination he testified that he was driving east on Dumont Avenue at about 20 to 25 miles per hour and plaintiff was driving south on Milford Street at a speed somewhere between 10 and 50 miles per hour. When he first

saw plaintiff's car, it was about 70 or 80 feet north of the collision site; at that time he (defendant) was about 460 feet west of the collision site. At the speeds he testified to, it would then have taken plaintiff only from one to five seconds to reach the collision site, while it would have taken him (defendant) 12 to 15 seconds. A reasonable inference from this testimony is that plaintiff must have been moving at a slow, or certainly moderate, rate of speed while the defendant operator was moving not at the moderate speed he attributed to himself but instead at an exceedingly high and dangerous speed. The fact that there was a "Yield Right of Way" sign on Milford Street at that intersection does not establish contributory negligence on plaintiff's part, since on the basis of this defendant's own testimony as to speeds and distances a jury could fairly find that a reasonably prudent driver in plaintiff's position would have had a right to assume that he could safely cross the intersection well before the defendant-operator reached it. Nor does the fact that the photographs show damage to the front end of the plaintiff's car and the left side of defendants' car establish that plaintiff's car ran into defendants' car and that it was plaintiff, not defendant-operator, who caused the accident. On the contrary, the photographs, coupled with the proof of other physical facts, appear to indicate that plaintiff was either at a standstill or moving very slowly at the moment of impact and that he was heavily sideswiped by defendants' car, which probably was moving fast and swerved just before the impact. The photographs show that the front end of plaintiff's car was not markedly pushed back (as it would have been if it had run into defendants' car), but rather seems to have been scraped and pushed from the right towards the left side of the car (as it would have been if defendants' car had sideswiped it). And this inference from the photographs is strongly supported by the facts that (a) after the impact plaintiff's car came to rest just about one car length due south of the collision site, and turned completely around so that it was facing almost due north; (b) defendants' car came to rest about 60 feet east of the collision site, and turned completely around so that it was facing west; and (c) plaintiff, who was in the driver's seat on the left side of his car, was not thrown head-on into his windshield (as he would have been if it had run into defendants' car), but instead was thrown out of his right door (as he would have been if defendants' car had struck his car forcefully on its left side). Clearly, the foregoing proof sufficiently made out a prima facie showing requiring submission of the case to the jury, even if plaintiff had been able to testify to the facts of the occurrence. Certainly, it was a sufficient prima facie showing to bar a nonsuit where, as here, plaintiff was unable to tell his story of the accident because brain damage had wiped it from his mind (see *Noseworthy* v. *City of New York*, 298 N. Y. 76, *supra; Stein* v. *Palisi*, 308 N. Y. 293, *supra; Cameron* v. *Dooley*, 18 A D 2d 130, *supra; Townley* v. *Bagby Transfer Co.*, 19 A D 757, *supra*). Consequently, we believe it was improper and erroneous to dismiss the complaint at the close of plaintiff's case.