## SECOND DEPARTMENT, APRIL, 1969

## (April 7, 1969)

LOUISE ELLIOTT, as Administratrix of the Estate of TUCKER HAMLIN, Deceased, Respondent, v. MEYER TEMPKIN et al., Doing Business as PARK NURSING HOME, Appellants.— In an action to recover damages for conscious pain and suffering and wrongful death, defendants appeal from a judgment of the Supreme Court, Queens County, entered May 31, 1968, in favor of plaintiff upon a jury verdict. Judgment reversed, on the law and the facts, and new trial granted in the interests of justice, with costs to abide the event. In our opinion, a new trial is warranted to develop further the question of how much time elapsed between the time when defendants' nurse's aid placed plaintiff's intestate in restraint on the commode and the time the fire began. On that subject the present proof included merely the deposition of the nurse's aid who stated only that he did not know how much time had elapsed between the two events. The proof also included evidence that the nurse's aid knew that the decedent was an occasional smoker, could use only one hand, and was otherwise immobile. The proof further showed that the decedent was an incontinent cardiovascular patient and that proper practice indicated that such patient could be put on a commode and be given a few minutes privacy providing he is restrained. The Trial Judge properly charged the jury, without exception, that it was the duty of defendants to use reasonable care in looking after the safety of their patients. Under the circumstances, if the interval of time were adequately defined, the jury might well consider the knowledge of the nurse's aid and find that it was imprudent of him to leave the decedent unattended and restrained on the commode, while he (the aid) was busy preparing and serving lunch for other patients. It seems to us, in a death case where the plaintiff is not held

to as high a degree of proof as where an injured plaintiff is available to testify (*Noseworthy* v. *City of New York*, 298 N. Y. 76), that the foregoing evidence spells out a prima facie case and a jury question. Christ, Acting P. J., Rabin and Martuscello, JJ., concur; Brennan, J., dissents in part and votes to reverse the judgment and dismiss the complaint, with the following memorandum, in which Munder, J., concurs: The decedent's death resulted from burns received when his clothing caught fire while he was seated on a commode in his room in defendants' nursing home. Viewing the facts most favorably to plaintiff (*Commissio* v. *Meeker*, 8 N Y 2d 109, 117) and in the light of the rule of *Noseworthy* v. *City of New York* (298 N. Y. 76, 80), I am unable to find any proof in the record from which it may be inferred that this unfortunate accident was due to defendants' negligence (cf. *Wank* v. *Ambrosino*, 307 N. Y. 321).