■     THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH SLAVIK, Appellant.— Appeal by defendant from an order of the County Court, Suffolk County, dated August 25, 1971, which denied his application without a hearing. Order affirmed. The defendant denominated his application as one for resentence. The County Court entertained it as such. In our opinion, the application is for a writ of error *coram nobis.* Consequently, the order is appealable and we decide the appeal on its merits. Rabin, P. J., Hopkins, Munder, Brennan and Benjamin, JJ., concur.

■     THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT ENGLAND, Appellant, v. WARDEN, BROOKLYN HOUSE OF DETENTION FOR MEN, Respondent. — In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Nassau County, entered April 26, 1971, which, upon the return of the writ, denied the application. Appeal dismissed, without costs, on the ground that appellant is not in custody under the judgment of conviction rendered on the challenged indictment (Penal Law, § 70.35; *People ex rel. Reamy* v. *Director of Cent. Islip Hosp.,* 35 A D 2d 595). Hopkins, Acting P. J., Munder, Gulotta, Brennan and Benjamin, JJ., concur.

■     FREDERICK SCHMIDT, as Administrator of the Estate of BARBARA D. SCHMIDT, Deceased, Appellant, v. HERTZ CORP. et al., Respondents.— In an action to recover damages for wrongful death, conscious pain and suffering, property injury and loss of services, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered February 4, 1971, against him, upon the trial court's dismissal of the complaint at the close of the evidence. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No questions of fact were presented on this appeal. In examining this record to ascertain whether there is any evidence from which a finding that defendants were negligent may reasonably be inferred (*Lubelfeld* v. *City of New York,* 4 N Y 2d 455, 460), we have concluded that a prima facie case was established and thus the case should have gone to the jury. This conclusion is bolstered by the fact that in a death action a plaintiff is not held to as high a degree of proof as in a case where an injured plaintiff is able to testify at the trial (*Schechter* v. *Klanfer,* 28 N Y 2d 228, 231; *Noseworthy* v. *City of New York,* 298 N. Y. 76). Hopkins, Acting P. J., Christ, Brennan and Benjamin, JJ., concur.