THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WESLEY WALLACE, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Queens County, dated May 18, 1971, which denied the application, without a hearing. Order reversed, on the law, and proceeding remanded to the Criminal Term for a hearing and a new determination. In our opinion, when defendant in 1966 waived the right to question the constitutionality of his prior Pennsylvania convictions he did not understand the nature of his waiver. A hearing pursuant to section 1943 of the former Penal Law should be held to allow him to bring in proof that the Pennsylvania convictions could not be used as a predicate for multiple offender treatment. Munder, Acting P. J., Martuscello, Latham, Brennan and Benjamin, JJ., concur.

JAMES F. STEINHAUSER et al., Appellants, v. SOCONY MOBIL OIL COMPANY, INC., et al., Respondents.— In consolidated negligence actions (tried solely on plaintiff James F. Steinhauser's cause of action to recover damages for personal injuries), both plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered January 14, 1972, in favor of defendants against plaintiff Steinhauser, upon the trial court's dismissal of said plaintiff's complaint at the close of the evidence at a jury trial. Appeal by plaintiff Wallach's Auto Rental, Inc., dismissed, without costs. The judgment does not contain a decretal provision adverse to said plaintiff. On the appeal by plaintiff Steinhauser, judgment reversed, on the law, and new trial granted between said plaintiff and defendants, with costs to abide the event. The appeal did not present questions of fact. In our opinion, the fact that plaintiff Steinhauser was an amnesiac was sufficient to require the presentment of his case to the jury (*Schechter* v. *Klanfer,* 28 N Y 2d 228; *Noseworthy* v. *City of New York,* 298 N. Y. 76). Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur.