■ ALVERTA WILLIAMS, Individually and as Administratrix of the Estate of STEVEN WILLIAMS, Deceased, Respondent, v CITY OF NEW YORK, Appellant. — Judgment, Supreme Court, Bronx County, entered April 11, 1980,

awarding plaintiff the sum of $123,693.50, unanimously reversed, on the law, and the matter remanded for a new trial, with costs to abide the event. This action for wrongful death and conscious pain and suffering involves a 14-year-old boy who was shot to death by a New York City police officer in circumstances from which negligence, as alleged, could be inferred. On the other hand, a witness testified that the decedent, after his apprehension, lunged at the police officer with a knife and that the officer, fearful for his life, responded by shooting the decedent. EPTL 5-4.2 and 11-3.2 (subd [b]) provide that in a wrongful death action accruing prior to September 1, 1975, as is the case here, and in a personal injury action joined with such a death action, the contributory negligence of the decedent shall be a defense, to be pleaded and proved by the defendant. Defendant, City of New York, pleaded such a defense. The court, however, in charging the jury, placed on the defendant the burden of proving not only contributory negligence but its lack of negligence as well: "[T]he burden [of proof] is shifted onto the Defendant to prove that not only was he not negligent but the Plaintiff or the deceased in this case was negligent. So the burden here on the question of negligence is shifted entirely pretty much to the Defendant". While it is true that a plaintiff is not held to as high a degree of proof in a death action *(Noseworthy v City of New York,* 298 NY 76, 80), the burden of proof is not thereby shifted. Plaintiff must still prove the defendant's negligence by a fair preponderance of the credible evidence. The court's instruction to the contrary, to which appropriate exception was taken, constitutes fundamental error which prejudiced defendant. Reversal is mandated. Concur — Kupferman, J. P., Birns, Sullivan, Silverman and Bloom, JJ.