*716 Fuchsberg, J.
(dissenting). Exercising the choice permitted between the determination in the trial court and that at the Appellate Division (NY Const, art VI, § 3, subd a; CPLR 5501, subd [b]), I would reinstate the judgment the administrator recovered on behalf of the decedent’s surviving wife and children.
In doing so, I, of course, am alert to the legally necessitous circumstance that, because he was killed in the accident, the decedent, who would have been in the best position to describe the event from plaintiff’s point of view, was unavailable to do so. Lest a tort-feasor who inflicts personal injury be insulated from liability simply because the injuries so produced are fatal, it is well settled that the victim’s representative is not held to “ ‘the high degree of proof required in a case where the injured person may take the stand and give his version’ ” (Noseworthy v City of New York, 298 NY 76, 80 [Desmond, J.]).
This sound rule in mind, I first note, as the majority concedes, that the condition of the curve in question was perilous enough to have become the focus of complaints by local residents. Even more significant, because it reflected general community concern, were the complaints by local officials.
That the deviation from maximum “super-elevation” was not mathematically large does not overcome the fact that it did not meet the State’s own minimum safety standard. When, as the old saw puts it, “the straw broke the camel’s back”, it must have been of little comfort to the camel that it was a straw rather than a ton that wreaked the havoc. This is not pure rhetoric; it is pure law. The defendant was not to be held to any particular degree of negligence. Required only was proof of some and not all possible negligence (see, generally, Prosser, Torts [4th ed], § 34). And the burden of proving contributory negligence, if any, in such a case is always on the defendant (EPTL 5-4.2).
Moreover, the repeated prior accidents bore specific and impressive witness to how dangerous this roadway was to vehicular travelers in actual operation. That some — and only some — of these occurrences also involved additional causative factors was not a vindication of the hazard it *717 presented. It can hardly have been a coincidence that operators of these vehicles — or of vehicles of local residents which passed this point in their everyday comings and goings — would experience remarkable difficulty in controlling their cars on this curve of the road.
In short, I am persuaded that the decision of Court of Claims Judge Edward M. Murray, who, as Trial Judge, had the further advantage of seeing and hearing the conflicting expert witnesses, is most closely in accord with what is revealed by a most searching and insightful survey of the record.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Meyer concur; Judge Fuchsberg dissents and votes to reverse in an opinion.
Order affirmed, with costs, in a memorandum.