■ BANK OF NEW YORK, Respondent, v CLARENCE J. WALSH, Appellant.—In a negligence action to recover damages for injuries sustained by the plaintiff's decedent, Ingeborg Gran Dunne, in an automobile accident, the defendant appeals from a judgment of the Supreme Court, Orange County (Isseks, J.), dated November 8, 1985, which, after a nonjury trial, in which the court found him 50% at fault in the happening of the accident and found damages to be $60,000, is in favor of the plaintiff and against him in the principal amount of $30,000.

Ordered that the judgment is affirmed, with costs.

We find that the weight of the evidence supports the trial

court's determination that the defendant was 50% at fault in the happening of the instant accident in which his car struck the decedent while she was crossing the street in front of her home. Although the defendant was the only person to testify about the circumstances of the accident, his statements provide a sufficient basis to infer that he did not exercise due care to avoid striking the decedent. The court is permitted greater latitude in drawing an inference of negligence where the injured party is not alive to testify (see, Noseworthy v City of New York, 298 NY 76; Franco v Zingarelli, 72 AD2d 211).

The defendant contends that he was prejudiced by the admission of a hearsay statement in the history portion of the decedent's medical record which reported that the accident occurred in her driveway. Any error in the admission of this portion of the medical record was harmless, given the trial court's determination that the accident occurred in the roadway (see, e.g., Cotter v Mercedes-Benz Manhattan, 108 AD2d 173). Additionally, the trial court did not err in failing to provide the defendant with an opportunity to make a closing argument, since no request to make a closing argument was made. Finally, the award of $60,000 in damages for pain and suffering, which was reduced to $30,000 due to the decedent's culpable conduct, is not excessive. Thompson, J. P., Brown, Niehoff and Rubin, JJ., concur.