OPINION OF THE COURT
Memorandum.
Ordered that the judgments are affirmed, without costs.
Plaintiffs decedent, Marilyn Acevedo, gave birth to a stillborn child on November 9, 1995 at defendant Wyckoff Heights Hospital Medical Center (Wyckoff). On the evening of November 27, 1995, she was brought by ambulance to Wyckoff, with complaints of abdominal pain, diarrhea and vomiting, and was evaluated by defendant Patricia Tan, M.D. (Dr. Tan), an attending physician, who recommended that Ms. Acevedo be admitted. During the early morning hours of November 28, 1995, Ms. Acevedo signed herself out of the hospital against medical advice. Later that morning, complaining of stomach pain, vomiting and diarrhea, she saw defendant Edwin Rodriguez, M.D. (Dr. Rodriguez) at defendant Phoenix Medical Center, Inc., who diagnosed her with gastroenteritis and told her to go to Wyckoff s emergency room if her symptoms persisted. That evening, *73 Ms. Acevedo was brought by ambulance to Wyckoff in full cardio/pulmonary arrest. Resuscitation efforts were unsuccessful, and she was pronounced dead. Ms. Acevedo’s mother, Aida Lopez, as her administratrix, brought causes of action for medical malpractice and wrongful death against various defendants. At the time of trial, the only defendants remaining in the action were Wyckoff, Dr. Tan and Dr. Rodriguez (defendants). At the outset of trial, the Civil Court, on defendants’ motion, dismissed the wrongful death cause of action, as plaintiff had failed to allege any pecuniary loss.
During the course of the trial, plaintiff produced several medical witnesses to testify regarding the alleged medical malpractice of defendants. Plaintiff also sought to introduce testimony of Dr. Carol Whalen, as an expert in hearing and cognitive deficiencies, to demonstrate that Ms. Acevedo was incapable of understanding that she was putting her life and health at risk by signing out of Wyckoff against medical advice on November 28, 1995. Dr. Whalen based her opinion upon Ms. Acevedo’s school records dating back to 1981 and 1982, which indicated that, at the time, she had tested at a second-grade to third-grade reading level, and had a full-scale IQ of 74. It was Dr. Whalen’s opinion that Ms. Acevedo would not have progressed significantly in her reading abilities and that she might have regressed. Upon hearing Dr. Whalen’s proposed testimony outside the presence of the jury, the trial court precluded Dr. Whalen from testifying, finding that her testimony would have been speculative. Prior to charging the jury, plaintiff requested that the court instruct the jury, pursuant to the Noseworthy rule (Noseworthy v City of New York, 298 NY 76 [1948]), that because Ms. Acevedo’s death was a result of defendants’ conduct, plaintiff was held to a lesser burden of proof in establishing defendants’ malpractice. The court declined to do so. The jury returned a verdict in defendants’ favor and judgments were entered.
Plaintiff contends on appeal that it was error for the Civil Court to refuse her request to charge the Noseworthy rule, to preclude Dr. Whalen from testifying, and to fail to separate the alleged departures as to each individual defendant.
 Under the particular circumstances of this case, where the cause of action for wrongful death had been dismissed, it was not error for the trial court to decline to charge the reduced standard of proof under the Noseworthy rule (see e.g. Holliday v Hudson Armored Car & Courier Serv., 301 AD2d 392 [2003]; *74 Clarke v New York City Tr. Auth., 174 AD2d 268, 275 [1992]). Nor was it an improvident exercise of discretion for the trial court to preclude Dr. Whalen’s testimony after finding that there was an inadequate basis for Dr. Whalen’s opinion.
Plaintiffs remaining contention regarding the court’s failure to separate the alleged departures as to each individual defendant is unpreserved (see CPLR 4110-b) and, in any event, is without merit. Accordingly, the judgments are affirmed.
Pesce, RJ., Weston and Steinhardt, JJ., concur.