■ Adam Czerenda, Respondent, v. Edward D. Wright, Appellant.— Appeal from an order entered upon a decision at Trial Term, Tompkins County Supreme Court. The jury failed to agree upon the trial of the action; and the court denied motions for a direction of a verdict for the defendant and for judgment of nonsuit, and ordered a new trial. Under a written agreement between the parties plaintiff was working a farm for defendant for which defendant furnished the machinery and equipment. There is adequate evidence that defendant maintained some degree of direction and control over plaintiff's work. There is also proof from which it could be found that a tractor furnished by defendant for use of plaintiff was in a defective condition and that the defect had been called to defendant's attention on several occasions; that defendant refused to have it repaired and stated that since the tractor was all right for his father "it was all right for" plaintiff. The agreement provided that plaintiff was to make repairs on machinery, but there is proof from which it could be found that the actual practice was for both parties to share the cost of repairs, and that in practice the repair would not be expected by either side to be made without defendant's approval. There is

some proof, too, from which the inference might be drawn that the defect was so basic that its correction would not fall within the range of "repairs" as used in the agreement. Even if plaintiff had the complete responsibility for repairs, negligence might arise from a direction by defendant to plaintiff to use equipment known by defendant to be defective and left unrepaired under circumstances in which plaintiff might find it required that he follow defendant's directions or advice in such use. The record would sustain a finding that defendant directed plaintiff to use the defective tractor at a place in the farm which would be dangerous if the tractor were not kept in good control; that it went out of control at such place due to the defective condition, and plaintiff was injured. We are required to view the record in an aspect most favorable to plaintiff's case on this appeal. We are of opinion that the negligence of defendant was here a question for the jury. The question of plaintiff's contributory negligence is in most circumstances a question for the jury; and we hold that it presents such a question on this record. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.