Bernard S. Meyer, J.
In this action for wrongful death, the court reserved decision at the end of the plaintiff administratrix’ case, at the end of the whole ease and on the motion made after the jury returned a verdict in favor of plaintiff. The motions on which decision was reserved are now granted and the Clerk is directed to enter judgment dismissing the complaint, without costs. Since plaintiffs Boland’s Trucking Inc. and Dellwood Dairy Co., Inc. stipulated to be bound as to their property damage claims by the determination in the wrongful death action, the Clerk is directed to enter judgment dismissing their complaints also, without costs.
Defendant argued the motions on the grounds (1) that plaintiff had not made out a prima facie case, and (2) that it was clear from the evidence that plaintiff’s intestate was guilty of contributory negligence. On the latter question the burden of proof is on defendant. On some phases of the issue the two equal inferences rule discussed below might, therefore, require direction of a verdict for plaintiff, but in any event the evidence supports a possible hypothesis which forbids imputation of fault to decedent, so the issue was, at the least, one for the jury (Rooney v. Healy Co., 20 N Y 2d 42, 45; Cruz v. Long Is. R. R. Co., 28 A D 2d 282, 285).
*657 The first ground presents a more difficult question. The difficulty arises from the rule that ‘ ‘ Where the facts proven show that there are several possible causes of an injury, for one or more of which the defendant was not responsible, and it is just as reasonable and probable that the injury was the result of one cause as the other, plaintiff cannot have a recovery, since he has failed to prove that the negligence of the defendant caused the injury” (Ingersoll v. Liberty Bank of Buffalo, 278 N. Y. 1, 7; accord: Schwartz v. Macrose Lbr. & Trim Co., 29 A D 2d 781; Filanowicz v. Guarino, 27 A D 2d 666). That does not mean that in order to make out a prima facie case plaintiff must eliminate every other possible cause (Spett v. President Monroe Bldg. Corp., 19 N Y 2d 203, 205; Wragge v. Lizza Asphalt Constr. Co., 17 N Y 2d 313, 321; Dillon v. Rockaway Beach Hosp., 284 N. Y. 176, 179; Ingersoll v. Liberty Bank of Buffalo, supra.) It does, however, require that plaintiff show facts and conditions from which it is more reasonable to infer negligence of the defendant and causation of the accident by that negligence than that defendant was not responsible (Spett v. President Monroe Bldg. Corp., supra; Wragge v. Lizza Asphalt Constr. Co., supra).
The fact that this is a death action and that plaintiff, therefore, has the benefit of the rule of Noseworthy v. City of New York (298 N. Y. 76, 80) that “in a death case a plaintiff is not held to as high a degree of proof of the cause of action as where an injured plaintiff can himself describe the occurrence ” does not make inapplicable the two equal inferences rule. Just as Noseworthy cannot supply evidence of negligence (Lenti v. Cohon, 16 N Y 2d 796; Cole v. Swagler, 308 N. Y. 325; Wank v. Ambrosino, 307 N. Y. 321), or of causal relationship (Cole v. Swagler, supra, Bolte v. City of New York, 28 A D 2d 232), so also it does not make more remote or less probable an inference of nonnegligence which, Noseworthy aside, is equally as reasonable and probable as the inference of negligence.
Applying the foregoing rules, the court concludes that neither on plaintiff’s case nor on the whole case has negligence of the defendant been shown. Taken in the light most favorable to plaintiff, the evidence shows that plaintiff’s decedent was driving a milk truck west on Smithtown By Pass, which is a four-lane highway divided by a center mall, that the truck was traveling in the right-hand westbound lane, that there was contact between the car driven by the defendant [Kuhlke] and the milk truck at or near the intersection of Southern Boulevard and Smithtown By Pass, that the milk truck left the highway and entered an Amoco service station at the northwest corner *658 of the By Pass and the Boulevard, skidding sideways in a westerly direction some 65 feet across the station apron parallel with the By Pass, that decedent fell out of the right-hand door of the truck, that the truck passed over him and then turned over at the westernmost side of the station, that the left door of the milk truck bears a scrape mark at about the level of defendant’s bumper, that the left side of the truck between the door and front fender was buckled by a forward push, that the defendant’s car was metallic blue in color, that metallic blue paint was found in the scrape mark on the door and in the crevices of the buckled portion of the body, and that defendant’s right front bumper and fender show slight scrape marks but ncr denting. There is, however, nothing in the evidence to show where or how the contact between the car and the truck occurred. Plaintiff argues that defendant was proceeding north on Southern Boulevard and that the contact occurred when defendant sought to avoid collision by turning west on the By Pass as the car and the truck came into the intersection together. The configuration of the scrape and the crushed portion of the truck body could have resulted from such a collision, though had the collision occurred that way more damage and damage of a different type to defendant’s car might be expected than the photographs show. Alternately plaintiff argues that if defendant was proceeding westbound in the lefthand lane of the By Pass as defendant claims, he skidded into the right-hand lane because he was proceeding at too high a speed on a highway that was slippery in patches. It is not an unreasonable inference that that is what occurred. The difficulty is that it is equally as reasonable and probable that, as defendant claims, as defendant was in the process of passing the milk truck it skidded into his lane, came into slight contact with his car and caromed off. There is no evidence that defendant skidded at any time before contact between the two vehicles, and nothing in the appearance 'after the accident of the left side of the truck or the right fender and bumper of the car is more consistent with the inference that the car skidded out of its lane into the truck than that the truck skidded out of its lane into the path of the car. That the left side of the truck was buckled by a forward push is no more consistent with one hypothesis than the other, for the car was moving forward at a greater speed than the truck at the moment of contact, whatever version of the collision is adopted. No expert was called to testify concerning the relationship, if any, between the path taken by the truck after contact and the laws of physics, and neither common sense nor any physical principle of which the court take *659 judicial notice suggests that it ;s any more probable or reasonable that the accident occurred through defendant’s negligence than that it did not.
Based on the foregoing analysis the court woujd have dismissed at the end of the plaintiff’s case had it not had misgivings concerning the effect of Pfaffenbach v. White Plains Express Corp. (17 N Y 2d 132) on the two epuai inferences rule, in light of the facts that Pfaffenbach overruled Gailbraith v. Busch (267 N. Y. 230). The Gailbraith court, applying the two equal inferences pule, held that a passenger who showed only that the car in which he was riding had left the road had not made out a prima facie case because it wqs equally inferable that tbe cause was a mechanical defect as to which the owner owed no duty to his passeuger as thut the cause was negligent operation. Having carefully reviewed the Pfaffenbach opinion, the court concludes that it cannot he said to have overturned the two equal inferences rule generally in automobile cases, though by reference tc the “ real world of motor vehicle operation ” (p. 136) it appears, in dicfmn, to hnve overruled the specific application of the two equal inferences rule to the guest-passenger situation; that is to say — the Court of Appeals now regards mechanical failure as sufficiently less probable and more remote than negligent operation to cast upon the operator the burden of explanation when the car he is operating comes over onto the wrong side of the road and damage results. In the instant case, it has not been shown that defendant Huhlke’s vehicle was ever on the wrong side, qr in the wrong lane of the road. It follows that the motions must now he granted and the pomplaint dismissed.