■ ISABELLA MARESCA, as Administratrix of the Etate of GEORGE MARESCA, Deceased, Appellant, v. LAKE MOTORS, INC., et al., Respondents. (Action No. 1.) ROLAND'S TRUCKING, INC., et al., Appellants, v. LAKE MOTORS, INC., et al., Respondents. (Action No. 2.) — In a consolidated action to recover damages for the wrongful death of plaintiff Maresca's intestate and for property injuries of plaintiffs Roland's Trucking, Inc., and Dellwood Dairy Co., Inc., in which it was stipulated that, in the event of a verdict in favor of plaintiff Maresca, a verdict would be entered in favor of said corporate plaintiffs in stated respective amounts, plaintiffs appeal from a judgment of the Supreme Court, Suffolk County, entered June 12, 1968, in favor of defendants upon (1) the trial court's dismissal of the Maresca complaint as against defendant Suffolk Car Leasing Corp. at the end of plaintiffs' case and (2) the trial court's decision, after a jury verdict in favor of plaintiff Maresca for $128,000 against the two other defendants, setting aside the verdict and dismissing the Maresca complaint and also the complaint of the corporate plaintiffs on said stipulation. Judgment modified by (1) striking therefrom the first two decretal paragraphs, which are in favor of defendants Lake Motors, Inc., and John E. Kuhlke; (2) reinstating the jury verdict against said two defendants; and (3) remanding the case to the trial court for entry of an amended judgment which, *inter alia,* will be against said two defendants and in favor of plaintiff Maresca upon the jury verdict and, upon said stipulation, in favor of plaintiff Roland's Trucking, Inc. for $1,133.17 and in favor of

plaintiff Dellwood Dairy Co., Inc. for $76.25. As so modified, judgment affirmed, with costs to plaintiff Maresca against said two defendants and a separate bill of costs jointly to said corporate plaintiffs against said two defendants. Essentially we are concerned with a wrongful death action in which a milk truck driver was killed when his milk truck was in a collision with a car driven by defendant Kuhlke on a Suffolk County highway. The time was approximately 6:00 A.M. on January 17, 1963; the road was dark, icy and slippery. The only surviving witness to the manner of the happening of the accident is Kuhlke; plaintiff Maresca's intestate was killed instantly when he was thrown from his truck and run over by it before it fell over onto its right side on a gas station apron. The jury found defendant Kuhlke guilty of negligence, as driver of the other automobile, and likewise found against defendant Lake Motors, Inc., as the owner, based on the testimonial evidence as well as the documentary and photographic evidence. The learned Trial Justice nevertheless held that the equal inferences rule of *Ingersoll* v. *Liberty Bank of Buffalo* (278 N. Y. 1) required a setting aside of the verdict and the dismissal of the complaint as to defendants Kuhlke and Lake Motors, based on failure to make out a prima facie case. We disagree and hold that the jury verdict must be sustained. Defendant Kuhlke admitted to driving at 45 to 50 miles per hour on the slippery road; he said he was in the process of passing the slower-moving milk truck which was in the right-hand lane of this two-lane, westbound highway; Kuhlke alone saw a car in front of the milk truck, the rear lights of which went on at that very time, and then suddenly the truck's rear lights went on as well and the rear of the truck skidded into Kuhlke's left lane. The result, according to his testimony, was a very light tap between his right front and the truck's left rear. It was after that that the truck apparently left the highway and skidded across the apron of the gas station; at that moment it was observed by the operator of the gas station who was opening his place of business. The truck skidded sideways, the driver fell out of the right side door and he was run over by his own truck before it turned over on its right side. Kuhlke admitted serious discrepancies between his testimony at the trial and that given at his examination before trial. The photographic evidence discloses significant serious damage to the left front side of the milk truck which Kuhlke insisted was not touched by his car. In fact, Kuhlke also said that the front of the milk truck never left its proper right lane. The testimonial evidence shows no other explanation for the damage to the left side of the truck. On the contrary, witnesses testified that the truck was not so damaged when it left the milk depot a short time before that very morning. Witnesses also described traces of blue paint being present in the truck's left side damage; and Kuhlke's car was blue. The blue traces are not apparent in the color photographs in evidence, but surely it is a jury question to decide these facets of the proof concerning the extent to which the photographs shall be relied upon against direct testimony and the consequent question of the credibility of the witnesses who provided information not contrary to the photographic proof but supplementary to it. In the case so significantly relied upon at Trial Term (*Ingersoll* v. *Liberty Bank of Buffalo*, 278 N. Y. 1, *supra*) the Court of Appeals found a prima facie case. The summary of rules enunciated in that case may not be used, as in this case, to take away from the jury conflicting inferences of negligence and causation where there is some evidence of negligence adduced (see *Spett* v. *President Monroe Bldg. & Mfg. Corp.*, 19 N Y 2d 203; *Wragge* v. *Lizza Asphalt Constr. Co.*, 17 N Y 2d 313; *Andersen* v. *Bee Line*, 1 N Y 2d 169; *Dillon* v. *Rockaway Beach Hosp.*, 284 N. Y. 176; *Cornbrooks* v. *Terminal Barber Shops*, 282 N. Y. 217; *Lee* v. *City Brewing Corp.*, 279 N. Y. 380; *cf. Wank* v. *Ambrosino*, 307 N. Y. 321; see, also, *Trimble* v. *City*

*of New York,* 275 App. Div. 169). Under all the evidence adduced at this trial there was sufficient evidence of Kuhlke's negligence to make out a prima facie case and upon which to send the case to the jury. The trial court specifically assumed the responsibilities of the jury when it weighed and evaluated the configurations of damage of the two vehicles in setting up one of its hypotheses under its equal inferences rule application. This facet of the case further demonstrates sharply the factual, inferential and circumstantial nature of the case which is properly, and, in fact, better left to the determination of a jury than to a court alone. Christ, Acting P. J., Brennan, Rabin, Hopkins and Kleinfeld, JJ., concur. [56 Misc 2d 655.]