■ DOROTHY M. KURZ, as Administratrix of the Estate of HENRY J. KURZ, Deceased, Appellant, v WILLIAM J. CASEY et al., Respondents. — In an action to recover damages for wrongful death and conscious pain and suffering, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered January 25, 1980, which is in favor of defendants, upon the trial court's dismissal of the action at the close of plaintiff's case, at a jury trial. The appeal brings up for review so much of an order of the same court, dated May 9, 1977, as denied plaintiff's motion to amend the caption. Judgment reversed and order reversed insofar as reviewed, on the law, motion to amend granted, and new trial granted, with costs to abide the event. Bearing in mind that the plaintiff in a wrongful death action is not held to as high a degree of proof as is a plaintiff in a personal injury action (see *Noseworthy v City of New York*, 298 NY 76, 80), and that, since this case never reached the jury, we must consider plaintiff's proof "in the light most beneficial to plaintiff, allowing every favorable inference which can reasonably be drawn" therefrom (see *Crane v Long Is. Coll. Hosp.*, 43 NY2d 984, 985), we conclude that plaintiff's proof raised questions of fact which should have been submitted to the jury (see *Maresca v Lake Motors*, 32 AD2d 533, affd 25 NY2d 716; *Czerenda v Wright*, 2 AD2d 928). It was also error for the trial court to have dismissed the complaint against the defendant Flynn's Sharpening Service, Inc., on the further ground that acts of negligence, if any, were committed by William Flynn, doing business as Flynn's Sharpening Service, who had not been named as a defendant in the caption of the pleadings. Significantly, the defendant in question, by its notice of appearance and amended answer, appeared as "Flynn's Sharpening Service" (see

CPLR 320, subd [b]). Moreover, the allegations of the complaint fully apprised Flynn's Sharpening Service that it was the party the action was intended to affect (see *Ryan v Nationwide Mut. Ins. Co.,* 20 AD2d 270; 1 Weinstein-Korn-Miller, NY Civ Prac, par 305.16). Accordingly, we also reverse so much of an order, made more than two years before trial, as denied plaintiff's motion to amend the caption of this action (see CPLR 5501, subd [a], par 1). Thus, the summons and proof of service of the summons, as well as the other pleadings, are amended so that the last named defendant shall be denominated "William Flynn, d/b/a Flynn's Sharpening Service". Cohalan, J. P., Margett, O'Connor and Thompson, JJ., concur.