■ AUSTIN S. MANGINARO et al., Respondents, v COUNTY OF NASSAU et al., Appellants, et al., Defendant.—In an action to recover damages for medical malpractice, the defendants County of Nassau and Nassau County Medical Center appeal from an order of the Supreme Court, Nassau County (Morrison, J.), dated June 13, 1988, which, after a jury verdict in the appellants' favor, granted the plaintiffs' motion to set aside the verdict and for a new trial.

Ordered that the order is affirmed, with costs.

The plaintiffs brought the instant action to recover damages for permanent brain damage sustained by the infant plaintiff, allegedly as the result of the negligence of the Nassau County Medical Center (hereafter the Medical Center) and its staff.

The infant plaintiff, Austin Scott Manginaro (referred to at trial as Scott), an eight-year-old boy, was brought to the defendant Medical Center for treatment after having sustained second and third degree burns on his upper body and smoke inhalation injuries in a fire. Three weeks after having been admitted to the Medical Center's burn unit, Scott suddenly went into respiratory arrest early on the morning of June 18, 1979. As a result of this event, Scott suffered cardiac failure, his brain was deprived of oxygen, and he sustained severe irreversible brain damage.

At trial, the plaintiffs attempted to demonstrate that the respiratory arrest was caused by the negligent administration of an overdose of the medication morphine sulphate. Proof of the actual administration of this medication to Scott by a nurse was purely circumstantial and much of the direct evidence proffered by the plaintiffs was equivocal.

At the conclusion of the lengthy trial, the jury rendered a unanimous verdict in the appellants' favor. Upon the plaintiffs' motion, the court set aside the verdict, finding it contrary to the weight of the evidence and further finding that a new

trial was required in the interest of justice because of the court's failure to instruct the jury on res ipsa loquitur and to give a *Noseworthy* charge *(see, Noseworthy v City of New York,* 298 NY 76; *see also,* PJI 1:61, 1:62).

On appeal, the appellants contend that it was error to set aside the verdict and order a new trial, arguing that the verdict was not against the weight of the evidence and that the court's charge was proper.

Upon our review of the record, we conclude that it cannot be said that the verdict was against the weight of the evidence. We further find that the doctrine of res ipsa loquitur is inapplicable herein since the respiratory arrest was not shown to be the kind of event " 'which ordinarily does not occur in the absence of someone's negligence' " *(Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 226).

However, with respect to the plaintiffs' request that the court instruct the jury as to the *Noseworthy* rule, *i.e.,* that the jury be instructed as to the manner in which to weigh certain circumstantial evidence, we find that it was error to deny the request for such a charge *(cf., Schechter v Klanfer,* 28 NY2d 228; *Berg v State of New York,* 40 Misc 2d 354, 357). We further conclude that that error is not harmless *(see,* CPLR 2002). Accordingly, the plaintiffs are entitled to a new trial. At the new trial, the jury should be instructed that inasmuch as Scott is unable to testify as to the events relating to his respiratory arrest, it may—but is not obligated to—accord a greater degree of weight to the circumstantial trial evidence concerning the disputed events of which Scott ordinarily would have had knowledge *(see, Holiday v Huntington Hosp.,* 164 AD2d 424). Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.